**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC and RANDSTAD TECHNOLOGIES, LLC, | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION FILE NO.: |
| v. | * | |
| | * | |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ANDREW WANG, | * | |
| Defendants. | * | (Removed from the District Court of Dallas County, Texas) |

**BEACON HILL STAFFING GROUP, LLC'S NOTICE OF REMOVAL**

TO: The Judges of the United States District Court, Northern District of Texas, Dallas Division.

Pursuant to 28 U.S.C. §§ 1441 and 1446 and Northern District of Texas Local Rule 81.1, Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") files this Notice of Removal.[1] Removal of these claims is premised on the following grounds:

**STATEMENT OF FACTS**

1.

On or about September 4, 2020, Plaintiffs Randstad General Partner (US) LLC and Randstad Technologies, LLC ("Plaintiffs") filed a Complaint for Injunctive Relief and Damages, against Beacon Hill, Shawna Bestreich, and Andrew Wang, in the District Court of Dallas County, Texas, Cause No. DC-20-12543 (the "Complaint").

[1] This Notice of Removal is filed by Beacon Hill. Beacon Hill expressly reserves and does not waive its right to claim Ms. Bestreich has been fraudulently joined in this lawsuit for the express purpose of defeating diversity jurisdiction.

2.

The Complaint purports to assert claims for intentional interference with contractual relations, intentional interference with business relations, unfair competition, civil conspiracy, and exemplary damages. The Complaint also seeks preliminary and permanent injunctive relief against all of the Defendants.

3.

As shown below, this court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) this Notice of Removal is timely; (ii) complete diversity of citizenship exists between Plaintiffs, on one hand, and Defendants, on the other hand; and (iii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, under 28 U.S.C. § 1441(a), Beacon Hill may remove the action to this Court.

**<u>Removal is Timely</u>**

4.

The Complaint was filed on or about September 4, 2020. Beacon Hill acknowledged service on September 10, 2020. Neither of the other two Defendants have been served.

5.

Beacon Hill is filing this Notice within 30 days after its receipt of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1). *See also* Fed. R. Civ. P. 6.

6.

Consequently, the Notice is timely under 28 U.S.C. § 1446(b)(1).

**Complete Diversity of Citizenship Exists**

7.

There exists complete diversity of citizenship between Plaintiffs and Defendants, both at the time of the filing of the Complaint and as of the date of this Notice of Removal.

8.

For the purpose of determining diversity jurisdiction, the citizenship of a limited liability company—like the citizenships of limited partnerships and other unincorporated associations or entities—is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).

9.

Randstad General Partner (US), LLC ("Randstad") is a Delaware limited liability company whose sole member is Randstad North America, Inc., a Delaware corporation whose principal place of business is located in Georgia.

10.

Randstad Technologies, LLC ("Randstad Technologies") is a Delaware limited liability company. Upon information and belief, Randstad Technologies has two members. The first member is Sapphire General Partner, LLC ("SGP"), which is a limited liability company whose sole member is RNA, a limited partnership. Upon information and belief, RNA's general partner is a Delaware corporation with a principal place of business in Georgia and whose limited partner is a S.a.r.l. organized under the laws of Luxembourg (the equivalent of a limited liability company). Its second member is Randstad Professionals, which is a limited partnership that is comprised of Randstad Professionals General Partner LLC ("RGP") (general partner) and RNA

(limited partner). RGP is a limited liability company whose sole member is a Delaware corporation with a principal place of business in Georgia. RNA is a limited partnership whose general partner is a Delaware corporation with a principal place of business in Georgia. RNA's limited partner is a S.a.r.l., organized under the laws of Luxembourg. Upon information and belief, no member of Randstad Technologies is a citizen of Massachusetts, Florida, or Texas, the relevant states of citizenship and domicile of the Defendants.

11.

Beacon Hill is a Massachusetts limited liability company. Beacon Hill has four members, an individual and three trusts (the "Member Trusts"). The first member is an individual who lives, works, and is permanently domiciled in Massachusetts. The Member Trusts are traditional trusts drawn and executed according to the laws of the Commonwealth of Massachusetts and they are administered in accordance with the laws of the Commonwealth of Massachusetts. [*See* Declaration of Steven Drooker, attached as Exhibit "A", ¶¶ 2, 5-7].

12.

A 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Wells Fargo Bank, N.A. v. Transcont'l Realty Inv'rs,* No. 3:14-cv-3565-BN, 2016 WL 3570648, at *3 (N.D. Tex. July 1, 2016). The Member Trusts all have the same, sole Trustee. The Trustee is an individual who lives, works, and is permanently domiciled in Florida. Although the Member Trusts are traditional trusts and therefore the identities of the trust beneficiaries are not relevant in determining whether diversity jurisdiction exists, in an abundance of caution, Beacon Hill is providing information relating to the beneficiaries' citizenships. All of the beneficiaries of the

Member Trusts are permanently domiciled in Massachusetts. One of the beneficiaries is a minor, and the parents of the minor beneficiary are also permanently domiciled in Massachusetts. [*See* Ex. A, ¶¶ 7-10; Declaration of Shelley Cohen, attached as Exhibit "B", ¶¶ 2-3].[2]

13.

To be a citizen of a state, an individual must be both a citizen of the United States and a domiciliary of a particular state. *See Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). A domicile is the place of an individual's home to which "he has the intention of returning whenever he is absent therefrom." *Id.* (internal cits. and quots. omitted).

14.

Ms. Bestreich is an individual who works and resides in Texas with an indefinite intent to remain in Texas. She is therefore domiciled in Texas. [*See* Declaration of Shawna Bestreich, attached as Exhibit "C", ¶¶ 1, 4, 7-8, 11].

15.

Mr. Wang is an individual who works and resides in Massachusetts with an indefinite intent to remain in Massachusetts. He is therefore domiciled in Massachusetts. [*See* Declaration of Andrew Wang, attached as Exhibit "D", ¶¶ 3-4].

16.

Consequently, complete diversity of citizenship exists between Plaintiffs and Defendants for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

---

[2] The identities of the beneficiaries to the Member Trusts has previously been provided to Randstad in a related case pending in the Northern District of Georgia. *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, 1:19-CV-01655 (N.D. Ga.). The identities of those beneficiaries can be provided to the Court under seal upon request.

**<u>The Amount in Controversy Exceeds $75,000.00</u>**

17.

The amount in controversy identified in a plaintiff's complaint controls the determination of whether the matter in controversy exceeds the sum or value of $75,000.00, and unless it appears to a legal certainty that the plaintiff cannot recover the amount it claims, a removing defendant may rely on that valuation to establish the statutory predicate for removal under 28 U.S.C. § 1332(a). 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Allen v. R & H Oil & Gas Co.,* 64 F.3d 1326, 1335 (5th Cir. 1995).

18.

For a federal court to decline jurisdiction, "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).

19.

The Complaint alleges that Plaintiffs are entitled to, *inter alia*, damages arising from the allegations that Beacon Hill, Ms. Bestreich, and Mr. Wang intentionally interfered with Plaintiffs' contractual relations, that Beacon Hill and Mr. Wang intentionally interfered with Plaintiffs' business relations, that Beacon Hill and Mr. Wang have unfairly competed against Plaintiffs, and that Beacon Hill and Ms. Bestreich have engaged in civil conspiracy by allegedly tortiously interfering with Plaintiffs' contracts and business expectancies. Plaintiffs also seek exemplary damages against Beacon Hill, Ms. Bestreich, and Mr. Wang. Plaintiffs have additionally sought to recover attorneys' fees, costs, and expenses.

20.

Plaintiffs do not set forth a specific monetary demand in the Complaint, instead demanding an award of damages on all counts, compensatory and exemplary or punitive damages, and attorneys' fees, costs, and expenses, along with preliminary and permanent equitable relief and other, unspecified damages.

21.

In a 2017 case Randstad brought against Beacon Hill and a former employee, John Williams, it sought injunctive relief and damages for allegations of tortious interference with a restrictive covenant agreement and for misappropriation of trade secrets. *See Randstad Gen. Partner (US), LLC v. Williams*, No. 1:17-cv-00680-ELH (D. Md. Mar. 10, 2017). In that federal lawsuit, Plaintiff affirmed that the amount in controversy exceeded $75,000.00. Plaintiff's Complaint in this matter explicitly alleges that Mr. Williams is just one of Plaintiff's former employees that Beacon Hill has, allegedly, improperly hired. [*See* Ex. G1, Complaint, at ¶ 71].

22.

In another 2017 case Randstad brought against Beacon Hill and a former employee, Kathleen Keliher, it sought injunctive relief and damages for allegations of tortious interference with a restrictive covenant agreement and for misappropriation of trade secrets. *See Randstad Gen. Partner (US), LLC v. Keliher*, No. 1:17-cv-10404-ADB (D. Mass. Mar. 10, 2017). In that federal lawsuit, Randstad affirmed that the amount in controversy exceeded $75,000.00. Plaintiff's Complaint in this matter explicitly alleges that Mr. Keliher is just one of Plaintiff's

former employees that Beacon Hill has allegedly, improperly hired. [*See* Ex. G1, Complaint, at ¶ 71]. [3]

23.

This case is brought against Beacon Hill, its Chief Executive Officer, and one of Randstad's former employees, and the Complaint alleges, *inter alia,* tortious interference with the restrictive covenants of multiple former Randstad employees, tortious interference with Plaintiffs' business relationships with multiple third parties, unfair competition against Plaintiffs, and an alleged, ongoing civil conspiracy to harm Plaintiffs' business. Therefore, if the previous cases against Beacon Hill and a single former employee exceeded the requisite amount in controversy, this case with similar allegations against Beacon Hill, its Chief Executive Officer, and one of Plaintiffs' former employees exceeds the requisite amount in controversy.

24.

Moreover, in a related case pending in the Northern District of Georgia, based on the same facts, same employees and, allegedly, the same contracts, Randstad has admitted it is seeking damages exceeding the jurisdictional threshold. *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, 1:19-CV-01655 (N.D. Ga.) [Dkt. 11]. Therefore, Plaintiffs' claims in this case with similar allegations against Beacon Hill, its Chief Executive Officer, and one of Plaintiffs' former employees, purporting to cover more than a dozen hires, and alleging

[3] The Court may take judicial notice of the pleadings in *Randstad General Partner (US), LLC v. Williams* and *Randstad General Partner (US), LLC v. Keliher*. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (holding that a complaint in another district was a public document subject to judicial notice); *Morgan v. Medtronic, Inc.,* 172 F. Supp. 3d 959, 963 (S.D. Tex. 2016).

that Defendants' alleged conduct caused Randstad to lose business with multiple customers, exceeds the requisite amount in controversy.

25.

It therefore does not appear to a "legal certainty" that Plaintiffs cannot recover the jurisdictional amount in controversy of more than $75,000.00 if Plaintiff is successful in its claims. See 28 U.S.C. § 1446(c)(2). It is also "facially apparent" from the Complaint that the amount in controversy exceeds $75,000.00.

26.

Consequently, the amount in controversy in this matter exceeds $75,000.00 for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

**Attachments**

27.

Ms. Bestreich and Mr. Wang have yet to be served in this action, therefore, their consents are not required at this time.[4]

28.

An index of all documents filed in the state court is attached as Exhibit "E."

29.

A copy of the docket sheet in the state court action is attached as Exhibit "F."

30.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings filed in the state court action are attached as Exhibit "G1-G5."

---

[4] Nonetheless, Mr. Wang has consented to removal of this action. [*See* Ex. D, ¶ 5].

WHEREFORE, Beacon Hill hereby files this Notice of Removal and removes this action from the District Court of Dallas County, Texas to this Court. By the notification attached hereto as Exhibit "H," Beacon Hill shall notify Plaintiffs, through their counsel, and the Clerk of the District Court of Dallas County, Texas of Defendant's filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted, this the 10th day of September, 2020.

BERMAN FINK VAN HORN P.C.

*/s/ Lea C. Dearing*
Lea C. Dearing
Texas Bar No. 24045018
Benjamin I. Fink
Georgia Bar No. 261090
*Motion for Admission*
*Pro Hac Vice Forthcoming*

3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711 (telephone)
(404) 233-1943 (facsimile)
ldearing@bfvlaw.com
bfink@bfvlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on September 10, 2020, I electronically filed the foregoing **DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing and served a copy upon the following attorneys of record via email:

Dawn Estes
Terah Moxley
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd.
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com

This 10th day of September, 2020.

BERMAN FINK VAN HORN P.C.

By: */s/ Lea C. Dearing*
Lea C. Dearing
Texas Bar No. 24045018

3475 Piedmont Road NE, Suite 1100
Atlanta Georgia 30305
(404) 261-7711
(404) 233-1943 (Fax)
1254022