# APPENDIX

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **RANDSTAD GENERAL PARTNER (US), LLC and RANDSTAD TECHNOLOGIES, LLC.** | § § § § | |
| **Plaintiffs,** | § § § | **CIVIL ACTION FILE NO.:** |
| **v.** | § § | **3:20-cv-02814-N** |
| **BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, ANDREW WANG, and DOES 1-10.** | § § § § § | |
| **Defendants.** | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories upon Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill"), and requests that these interrogatories be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219 in accordance with the deadline set by the Texas Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.      These Interrogatories are continuing discovery requests, and require timely supplementation should additional information be obtained at any time between the time of answering and the time of trial.

B.      If you object to answering any Interrogatory on the basis of the attorney client privilege, please state the following:

        a.      The identity of the attorney and client as to whom that privilege is claimed, and the date, author, and recipient of each document or communication as to which objection is interposed;

        b.      The identity of all persons having knowledge of any facts that you claim are privileged or otherwise protected from disclosure; and

        c.      The basis for your claim that any document, communication or information is protected from disclosure by the attorney client privilege.

C.      If you object to answering any Interrogatory in whole or in part on the basis of the work product doctrine, please state the following:

        a.      The basis for your claim that such information constitutes attorney work product;

        b.      The identity of each attorney claimed to have contributed to the material being claimed as work product; and

        c.      The identity of all persons having knowledge of any facts that you claim to be protected as attorney work product.

D.      The remaining instructions and definitions contained in Randstad's First Set of Requests for Production to Beacon Hill are incorporated herein as if fully restated.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Identify every Randstad employee you have hired since January 1, 2014. For each employee, provide the employee's name, title at Beacon Hill, whether the employee had a restrictive covenant agreement with Randstad, whether Beacon Hill agreed to indemnify the employee in the event that Randstad filed a lawsuit against the employee and/or Beacon Hill, whether the employee has a restrictive covenant agreement with Beacon Hill, and which Beacon Hill employee(s) made the decision to hire that employee.

## **ANSWER:**

**INTERROGATORY NO. 2:**

Has Beacon Hill, at any point since January 1, 2014, considered or implemented measures to screen whether candidates for employment with Beacon Hill are subject to an agreement that contains restrictive covenants? If so, describe the measures considered or implemented, when Beacon Hill implemented the measures, when Beacon Hill stopped the measures, whether the measures were limited to a particular division of Beacon Hill, and who was involved in the decision to implement or not implement such measures.

**ANSWER:**

**INTERROGATORY NO. 3:**

Describe in detail any measures that Beacon Hill takes to avoid hiring employees in a role that violates a restrictive covenant agreement. For each such measure, describe when Beacon Hill implemented the measure, if/when Beacon Hill stopped the measure, whether the measure is limited to a particular division of Beacon Hill, and the individuals involved in the decision to implement the measure.

**ANSWER:**

**INTERROGATORY NO. 4:**

Does Beacon Hill contend that it takes adequate measures to avoid violating restrictive covenant agreements? If so, identify the facts that support your contention.

**ANSWER:**

**INTERROGATORY NO. 5:**

Has Beacon Hill, at any point since January 1, 2014, considered or implemented measures to screen an employee from contacting particular customers, competing in certain territories, or contacting former co-workers? If so, describe the measures considered or implemented, when Beacon Hill implemented the measures, when Beacon Hill stopped the measures, and who was involved in the decision to implement or not implement such measures.

**ANSWER:**

**INTERROGATORY NO. 6:**

Since January 1, 2014, how many times has Beacon Hill decided to hire an individual even though the individual is subject to a restrictive covenant agreement?  For each individual, identify the individual, the individual's former employer and role, the agreement at issue, and any advice regarding the agreement's enforceability that Beacon Hill received from internal or outside counsel (if the advice was communicated to persons or entities other than Beacon Hill and its outside counsel).

**ANSWER:**

**INTERROGATORY NO. 7:**

Since January 1, 2014, identify every lawsuit where Beacon Hill was sued by a company where the company alleged that Beacon Hill tortiously interfered with a restrictive covenant agreement.  For each lawsuit, identify the style, the claims asserted against Beacon Hill, and the outcome.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify every new office or line of business opened by Beacon Hill since January 1, 2014.  For each, identify the first five employees hired, the five employees' immediate prior employer, whether the employees had restrictive covenant agreements, and whether Beacon Hill received a cease and desist letter from the five employees' immediate prior employer.

**ANSWER:**

**INTERROGATORY NO. 9:**

To the extent not otherwise produced, identify all communications involving one or more members of the Beacon Hill Management Team regarding Randstad's restrictive covenant agreements and/or Beacon Hill's efforts, if any, to comply with restrictive covenants. This request is limited to communications on or after January 1, 2014.

**ANSWER:**

**INTERROGATORY NO. 10:**

To the extent not otherwise produced, identify and describe all communications involving one or more members of the Beacon Hill Management Team regarding the response or course of conduct in response to a cease and desist letter received regarding an alleged violation of a restrictive covenant agreement.

**ANSWER:**

**INTERROGATORY NO. 11:**

Since January 1, 2014, is Beacon Hill aware of any instance where a Beacon Hill employee told or recommended that a future or new employee not change his or her LinkedIn profile to reflect that he or she was now employed by Beacon Hill? For each such instance, identify the employees involved, the communication, any related documents, and the reason why the Beacon Hill employee told the new employee to not change his or her LinkedIn profile.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify every agreement you entered into in connection with actual or potential litigation that included a no-hire provision, employee non-solicitation provision, or similar provision restricting your ability to hire or solicit for hire the employees of another staffing company.

**ANSWER:**

**INTERROGATORY NO. 13:**

Since April 1, 2019, describe in detail any action taken by Beacon Hill in response to a cease and desist letter Beacon Hill received from Randstad. This interrogatory excludes communications between Beacon Hill and outside counsel retained in connection with the subject matter of the communication.

**ANSWER:**

*[signature block on following page]*

Respectfully submitted,

/s/ Alex Meier
Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
(Admitted pro hac vice)
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
(Admitted pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
(Admitted pro hac vice)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Counsel for Plaintiffs

Dated: November 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT BEACON HILL

STAFFING GROUP, LLC to be emailed to the following counsel of record:

>       Benjamin I. Fink
>       bfink@bfvlaw.com
>       Lea C. Dearing
>       ldearing@bfvlaw.com
>       BERMAN FINK VAN HORN, P.C.
>       3475 Piedmont Road, N.E.
>       Suite 1100
>       Atlanta, Georgia 30305

>       */s/ Alex Meier*
>       Alex Meier
>       *Counsel for Plaintiffs*

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **RANDSTAD GENERAL PARTNER** | § | |
| **(US), LLC and RANDSTAD TECHNOLOGIES,** | § | |
| **LLC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION FILE NO.:** |
| **v.** | § | **3:20-cv-02814-N** |
| | § | |
| **BEACON HILL STAFFING GROUP, LLC,** | § | |
| **SHAWNA BESTREICH, ANDREW WANG,** | § | |
| **and DOES 1-10.** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT SHAWNA BESTREICH

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories upon Defendant Shawna Bestreich and requests that these interrogatories be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219.

## DEFINITIONS AND INSTRUCTIONS

A.      These Interrogatories are continuing discovery requests, and require timely supplementation should additional information be obtained at any time between the time of answering and the time of trial.

B.      If you object to answering any Interrogatory on the basis of the attorney client privilege, please state the following:

      a.      The identity of the attorney and client as to whom that privilege is claimed, and the date, author, and recipient of each document or communication as to which objection is interposed;

      b.      The identity of all persons having knowledge of any facts that you claim are privileged or otherwise protected from disclosure; and

      c.      The basis for your claim that any document, communication or information is protected from disclosure by the attorney client privilege.

C.      If you object to answering any Interrogatory in whole or in part on the basis of the work product doctrine, please state the following:

      a.      The basis for your claim that such information constitutes attorney work product;

      b.      The identity of each attorney claimed to have contributed to the material being claimed as work product; and

      c.      The identity of all persons having knowledge of any facts that you claim to be protected as attorney work product.

D.      The remaining instructions and definitions contained in Randstad's First Set of Requests for Production to Shawna Bestreich are incorporated herein as if fully restated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail your involvement in encouraging Shauna Mooney to join Beacon Hill and in Beacon Hill's interview process for Shauna Mooney.

### ANSWER:


### INTERROGATORY NO. 2:

Identify the date on which you became aware that Shauna Mooney and a restrictive covenant agreement with Randstad.

### ANSWER:

**INTERROGATORY NO. 3:**

Describe in detail any measures that you took, or that Beacon Hill took, to avoid violations of Shauna Mooney's restrictive covenant agreements.

**ANSWER:**


**INTERROGATORY NO. 4:**

Identify every customer, placement candidate, and talent with whom Shauna Mooney contacted or interacted with at Beacon Hill that she also contacted or interacted with when she was employed by Randstad.

**ANSWER:**


**INTERROGATORY NO. 5:**

Do you contend that Beacon Hill takes adequate measures to avoid violating restrictive covenant agreements? If so, identify the facts that support your contention.

**ANSWER:**


[*signature block on following page*]

Respectfully submitted,

*/s/ Alex Meier*
Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
*(Admitted pro hac vice)*
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
*(Admitted pro hac vice)*
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
*(Admitted pro hac vice)*
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiffs*

Dated: November 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SHAWNA

BESTREICH to be emailed to the following counsel of record:

> Benjamin I. Fink
> bfink@bfvlaw.com
> Lea C. Dearing
> ldearing@bfvlaw.com
> BERMAN FINK VAN HORN, P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

> */s/ Alex Meier*
> Alex Meier
> *Counsel for Plaintiffs*

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **RANDSTAD GENERAL PARTNER (US), LLC and RANDSTAD TECHNOLOGIES, LLC.** | § § § § | |
| **Plaintiffs,** | § § § | **CIVIL ACTION FILE NO.:** |
| **v.** | § § | **3:20-cv-02814-N** |
| **BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, ANDREW WANG, and DOES 1-10.** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT ANDREW WANG

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories upon Defendant Andrew Wang and requests that these interrogatories be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219.

## DEFINITIONS AND INSTRUCTIONS

A.     These Interrogatories are continuing discovery requests, and require timely supplementation should additional information be obtained at any time between the time of answering and the time of trial.

B.     If you object to answering any Interrogatory on the basis of the attorney client privilege, please state the following:

a.      The identity of the attorney and client as to whom that privilege is claimed, and the date, author, and recipient of each document or communication as to which objection is interposed;

b.      The identity of all persons having knowledge of any facts that you claim are privileged or otherwise protected from disclosure; and

c.      The basis for your claim that any document, communication or information is protected from disclosure by the attorney client privilege.

C.      If you object to answering any Interrogatory in whole or in part on the basis of the work product doctrine, please state the following:

a.      The basis for your claim that such information constitutes attorney work product;

b.      The identity of each attorney claimed to have contributed to the material being claimed as work product; and

c.      The identity of all persons having knowledge of any facts that you claim to be protected as attorney work product.

D.      The remaining instructions and definitions contained in Randstad's First Set of Requests for Production to Andrew Wang are incorporated herein as if fully restated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail your role in Beacon Hill's hiring process.

### ANSWER:


### INTERROGATORY NO. 2:

Has Beacon Hill, at any point since January 1, 2014, considered or implemented measures to screen whether candidates for employment with Beacon Hill are subject to an agreement that contains restrictive covenants? If so, describe the measures considered or implemented, when Beacon Hill implemented the measures, when Beacon Hill stopped the measures, whether the measures were limited to a particular division of Beacon Hill, and who was involved in the decision to implement or not implement such measures.

**ANSWER:**


**INTERROGATORY NO. 3:**

Describe in detail any measures that Beacon Hill takes to avoid hiring employees in a role that violates a restrictive covenant agreement. For each such measure, describe when Beacon Hill implemented the measure, if/when Beacon Hill stopped the measure, whether the measure is limited to a particular division of Beacon Hill, and the individuals involved in the decision to implement the measure.

**ANSWER:**


**INTERROGATORY NO. 4:**

Do you contend that Beacon Hill takes adequate measures to avoid violating restrictive covenant agreements? If so, identify the facts that support your contention.

**ANSWER:**


**INTERROGATORY NO. 5:**

Has Beacon Hill, at any point since January 1, 2014, considered or implemented measures to screen an employee from contacting particular customers, competing in certain territories, or contacting former co-workers? If so, describe the measures considered or implemented, when Beacon Hill implemented the measures, when Beacon Hill stopped the measures, and who was involved in the decision to implement or not implement such measures.

**ANSWER:**


**INTERROGATORY NO. 6:**

Since January 1, 2014, how many times has Beacon Hill decided to hire an individual even though the individual is subject to a restrictive covenant agreement? For each individual, identify the individual, the individual's former employer and role, the agreement at issue, and any advice regarding the agreement's enforceability that Beacon Hill received from internal or outside counsel (if the advice was communicated to persons or entities other than Beacon Hill and its outside counsel).

**ANSWER:**


**INTERROGATORY NO. 7:**

To the extent not otherwise produced, identify all communications between you and any other member of the Beacon Hill Management Team regarding Randstad's restrictive covenant agreements and/or Beacon Hill's efforts, if any, to comply with restrictive covenants. This request is limited to communications on or after January 1, 2014.

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify whether you disagree that Beacon Hill has been sued a disproportionate number of times relative to its size and workforce and describe in detail the basis for your answer.

**ANSWER:**


**INTERROGATORY NO. 9:**

Excluding conversations with Beacon Hill's counsel, have you rejected any recommendations from any entity to take measures to prevent Beacon Hill from violating restrictive covenants? If so, please describe the recommendations, the date you received the recommendations, and why you rejected them.

**ANSWER:**


**INTERROGATORY NO. 10:**

To the extent not otherwise produced, identify and describe all communications involving one or more members of the Beacon Hill Management Team regarding the response or course of conduct in response to a cease and desist letter received regarding an alleged violation of a restrictive covenant agreement.

**ANSWER:**

**INTERROGATORY NO. 11:**

Describe your opinion, philosophy, or perspective about restrictive covenants, including your understanding of the difference between non-competes and non-solicits, whether you believe that employees may be restricted from competing in a specified territory, and whether you believe that employees at staffing companies obtain customer relationships or confidential information through their employment.

**ANSWER:**

**INTERROGATORY NO. 12:**

Since January 1, 2014, are you aware of any instance where a Beacon Hill employee told or recommended that a future or new employee not change his or her LinkedIn profile to reflect that he or she was now employed by Beacon Hill? For each such instance, identify the employees involved, the communication, any related documents, and the reason why the Beacon Hill employee told the new employee to not change his or her LinkedIn profile.

**ANSWER:**

**INTERROGATORY NO. 13:**

Describe in detail your role in Beacon Hill's hiring of Shauna Mooney.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify every individual who you believe has knowledge relevant to the issues presented in this litigation. For each such individual, provide their name, contact information, and a brief summary of the information that such individual has or may have.

**ANSWER:**

*[signature block on following page]*

-5-

Respectfully submitted,

*/s/ Alex Meier*
Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
*(Admitted pro hac vice)*
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
*(Admitted pro hac vice)*
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
*(Admitted pro hac vice)*
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiffs*

Dated: November 10, 2020

## CERTIFICATE OF SERVICE

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREW WANG to

be emailed to the following counsel of record:

>Benjamin I. Fink
>bfink@bfvlaw.com
>Lea C. Dearing
>ldearing@bfvlaw.com
>BERMAN FINK VAN HORN, P.C.
>3475 Piedmont Road, N.E.
>Suite 1100
>Atlanta, Georgia 30305

>/s/ Alex Meier
>Alex Meier
>*Counsel for Plaintiffs*

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| **RANDSTAD GENERAL PARTNER** | § | |
| **(US), LLC and RANDSTAD TECHNOLOGIES,** | § | |
| **LLC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION FILE NO.:** |
| **v.** | § | **3:20-cv-02814-N** |
| | § | |
| **BEACON HILL STAFFING GROUP, LLC,** | § | |
| **SHAWNA BESTREICH, ANDREW WANG,** | § | |
| **and DOES 1-10.** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, propounds the following requests for production upon Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill"), and requests that these requests be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219.

## DEFINITIONS AND INSTRUCTIONS

A.      The term "document" is defined as to reach all written or printed matter and recordings, including, but not limited to, writings, drawings, graphs, charts, photographs, videotapes, computerized records and files, electronic mail, tape recordings, and any other data from which information can be obtained or translated, if necessary, by you through detection

devices into a reasonably usable form.  The term also includes all drafts, alterations, modifications, and non-identical copies of the foregoing.

B.      The terms "you," "your," and "Beacon Hill" refer to Beacon Hill Staffing Group, LLC and its owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

C.      The term "Randstad" refers to Randstad General Staffing and Randstad Technologies and their owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

D.      The term "Randstad Companies" refers to Randstad General Staffing, Randstad Technologies, Randstad Professionals, Randstad Corporate Services, Spherion, and Randstad Sourceright.

E.      The term "Former Randstad Employees" includes all Beacon Hill employees who were formerly employed at Randstad and includes, but is not limited to, the individuals identified in Paragraph No. 71 of Randstad's Complaint.

F.      The term "Randstad Customers" refers to, with respect to each Former Randstad Employee, customers with whom the Former Randstad Employee had material contact on behalf of Randstad in the year prior to such Former Randstad Employee's separation from Randstad.

G.      The term "Randstad Talent" refers to, with respect to each Former Randstad Employee, placement candidates and temporary staffing candidates who the Former Randstad Employee, in the year prior to such Former Randstad Employee's separation from Randstad, placed with any Randstad Customer.

H.      The term "Beacon Hill Management Team" refers to the following individuals: Andrew Wang, Charlie Cain, Joanna Foulk, Amy Van Sicklin, Jeff McLaren, Ryan Pirnat,

Kathleen Keliher, John Williams, Aaron Mace, and any member of Beacon Hill's Executive Committee not previously identified.

I.      The term "person" refers to and includes a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents and/or employees.

J.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

K.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

L.      The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

M.      For any and all documents described in these requests which are withheld on the grounds of privilege, work product or otherwise, provide an index of the withheld documents which identifies the document, including, without limitation, the names of the authors and recipients of the document, the date of the document, the subject of the communication, and the reason for non-production.

N.      If any document requested herein was, but no longer is, in your possession, custody or control, please fully identify each such document, and indicate (a) when and how it ceased to be in your possession, custody, or control; (b) whether it is still in existence; and (c) if so, its custodian and present location.

O.     Unless otherwise noted, the relevant timeframe for the requests is from January 1, 2014 to the present.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All personnel files and any other personnel records, including, but not limited to IRS Forms W-2 and 1099, new hire documentation, travel reimbursement documentation and relocation documentation for the Former Randstad Employees.

**RESPONSE:**

**REQUEST NO. 2:**

All documents involving at least one member of the Beacon Hill Management Team regarding restrictive covenants, concerns or discussions about hiring Randstad employees, actual or potential litigation against Beacon Hill in connection with restrictive covenants, and/or Beacon Hill's expenses incurred in connection with restrictive covenant litigation.

**RESPONSE:**

**REQUEST NO. 3:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between Beacon Hill and the Former Randstad Employees concerning Beacon Hill, Beacon Hill's business, and/or prospective employment with Beacon Hill prior to her/his hire date.

**RESPONSE:**

**REQUEST NO. 4:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between Beacon Hill and the Former Randstad Employees concerning Randstad, Randstad's business, or such employee's employment with Randstad.

**RESPONSE:**

-4-

**REQUEST NO. 5:**

     All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between Beacon Hill and any Former Randstad Employee regarding the employee's restrictive covenant agreement.

**RESPONSE:**


**REQUEST NO. 6:**

     All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between Beacon Hill and any current or Former Randstad Employees from January 1, 2014 to the present regarding employment or potential employment with Beacon Hill or resignation of employment with a Randstad Company.

**RESPONSE:**


**REQUEST NO. 7:**

     All documents relating to, bearing upon, or evidencing any communications (oral or in writing) relating to any restrictions placed on a new hire relating to that new hire's ability to compete in a certain geographic territory, to solicit customers, or to solicit employees.

**RESPONSE:**


**REQUEST NO. 8:**

     Copies of job descriptions for any position for which Beacon Hill has hired a Randstad employee.

**RESPONSE:**


**REQUEST NO. 9:**

     Documents sufficient to show Beacon Hill's organizational and corporate structure, including its members.

**RESPONSE:**

**REQUEST NO. 10:**

All documents created or modified since January 1, 2014 relating to Beacon Hill's budget or forecasting for trade secrets or restrictive covenants litigation.

**RESPONSE:**


**REQUEST NO. 11:**

Documents sufficient to determine Beacon Hill's expenses related to trade secrets and/or restrictive covenants litigation for the last five years. A yearly or month-by-month summary is sufficient to satisfy this request.

**RESPONSE:**


**REQUEST NO. 12:**

All internal strategy documents since January 1, 2014 that relate to Randstad as a competitor or source of employees.

**RESPONSE:**


**REQUEST NO. 13:**

All internal strategy documents since January 1, 2014 that relate to or discuss Beacon Hill's lateral hiring strategy, trade secrets, or restrictive covenants.

**RESPONSE:**


**REQUEST NO. 14:**

All documents since January 1, 2014 where Beacon Hill instructed a person to conceal and/or not to disclose the person's affiliation or future affiliation with Beacon Hill, such as instructing the person to not update their LinkedIn profile or to not disclose that the person is or will be employed by Beacon Hill.

**RESPONSE:**

**REQUEST NO. 15:**

All interrogatory answers provided by Beacon Hill in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against Beacon Hill since January 1, 2010.

**RESPONSE:**

**REQUEST NO. 16:**

All depositions of Beacon Hill employees or corporate representatives in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against Beacon Hill since January 1, 2010.

**RESPONSE:**

**REQUEST NO. 17:**

All settlement agreements in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against Beacon Hill since January 1, 2010.

**RESPONSE:**

**REQUEST NO. 18:**

All documents containing advice regarding the enforceability of restrictive covenants that were sent to someone, including via email and cc'd email, other than a current Beacon Hill employee or Beacon Hill's outside counsel.

**RESPONSE:**

**REQUEST NO. 19:**

All documents regarding the potential hiring of any Former Randstad Employee and any attorney from either Eckert Seamans Cherin & Mellott, LLC or Berman Fink Van Horn P.C.

**RESPONSE:**

**REQUEST NO. 20:**

All documents relating to a decision by Beacon Hill to permit or encourage an employee to ignore or violate a restrictive covenant agreement with the employee's former employer.

**RESPONSE:**


**REQUEST NO. 21:**

A copy of Beacon Hill's E-Recruit entries for all Former Randstad Employees entered in the 60-day period following the commencement of such employee's employment with Beacon Hill.

**RESPONSE:**


**REQUEST NO. 22:**

All documents and communications received by Andy Wang regarding his and/or Beacon Hill's receipt of any cease and desist letter sent by or on behalf of Randstad since January 1, 2014.

**RESPONSE:**


**REQUEST NO. 23:**

All documents and communications regarding Beacon Hill's receipt of any cease and desist letter sent by or on behalf of Randstad since January 1, 2014.

**RESPONSE:**


**REQUEST NO. 24:**

All documents and communications sent or received since January 1, 2014 where Steven Drooker, Andy Wang, Charlie Cain, and/or the individual(s) with settlement authority in any lawsuit filed against Beacon Hill for restrictive covenant violations describe or discuss Beacon Hill's and/or his or her position or beliefs about covenants restricting competition or solicitation.

**RESPONSE:**

**REQUEST NO. 25:**

All documents and communications regarding Beacon Hill's acceptance and/or implementation of any no-hire or employee non-solicitation provision in a settlement agreement or other agreement ancillary to the resolution of actual or potential litigation. This request is limited to no-hire agreements implemented on or after January 1, 2010.

**RESPONSE:**


**REQUEST NO. 26:**

All documents and communications regarding Beacon Hill's hiring of Shauna Mooney, including, but not limited to, her interview process, her offer letter, and her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 27:**

All documents and communications regarding the decision to rescind Shauna Mooney's

offer and/or the subsequent decision to reinstate Shauna Mooney's offer.

**RESPONSE:**


**REQUEST NO. 28:**

A copy of all E-Recruit entries added by Shauna Mooney in the 60-day period following her start date at Beacon Hill.

**RESPONSE:**


**REQUEST NO. 29:**

Documents sufficient to identify the clients that Shauna Mooney has contacted since joining Beacon Hill.

**RESPONSE:**

**REQUEST NO. 30:**

Any and all documents relating to your Answers to Randstad's First Set of Interrogatories.

**RESPONSE:**

Respectfully submitted,

*/s/ Alex Meier*
Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
*(Admitted pro hac vice)*
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
*(Admitted pro hac vice)*
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
*(Admitted pro hac vice)*
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiffs*

Dated: November 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BEACON

HILL STAFFING GROUP, LLC to be emailed to the following counsel of record:

> Benjamin I. Fink
> bfink@bfvlaw.com
> Lea C. Dearing
> ldearing@bfvlaw.com
> BERMAN FINK VAN HORN, P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

> */s/ Alex Meier*
> Alex Meier
> *Counsel for Plaintiffs*

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **RANDSTAD GENERAL PARTNER** | § | |
| **(US), LLC and RANDSTAD TECHNOLOGIES,** | § | |
| **LLC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION FILE NO.:** |
| **v.** | § | **3:20-cv-02814-N** |
| | § | |
| **BEACON HILL STAFFING GROUP, LLC,** | § | |
| **SHAWNA BESTREICH, ANDREW WANG,** | § | |
| **and DOES 1-10.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO**
**DEFENDANT SHAWNA BESTREICH**

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, propounds the following requests for production upon Defendant Shawna Bestreich, and requests that these requests be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219.

**DEFINITIONS AND INSTRUCTIONS**

A.     The term "document" is defined as to reach all written or printed matter and recordings, including, but not limited to, writings, drawings, graphs, charts, photographs, videotapes, computerized records and files, electronic mail, tape recordings, and any other data from which information can be obtained or translated, if necessary, by you through detection

devices into a reasonably usable form.  The term also includes all drafts, alterations, modifications, and non-identical copies of the foregoing.

  B.  The terms "you" and "your" refers to Shawna Bestreich.

  C.  The term "Randstad" refers to Randstad General Staffing and Randstad Technologies and their owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

  D.  The term "Randstad Companies" refers to Randstad General Staffing, Randstad Technologies, Randstad Professionals, Randstad Corporate Services, Spherion, and Randstad Sourceright.

  E.  The term "Former Randstad Employees" includes all Beacon Hill employees who were formerly employed at Randstad and includes, but is not limited to, the individuals identified in Paragraph No. 71 of Randstad's Complaint.

  F.  The term "Randstad Customers" refers to, with respect to each Former Randstad Employee, customers with whom the Former Randstad Employee had material contact on behalf of Randstad in the year prior to such Former Randstad Employee's separation from Randstad.

  G.  The term "Randstad Talent" refers to, with respect to each Former Randstad Employee, placement candidates and temporary staffing candidates who the Former Randstad Employee, in the year prior to such Former Randstad Employee's separation from Randstad, placed with any Randstad Customer.

  H.  The term "Beacon Hill Management Team" refers to the following individuals: Charlie Cain, Joanna Foulk, Amy Van Sicklin, Jeff McLaren, Ryan Pirnat, Kathleen Keliher, John Williams, Aaron Mace, and any member of Beacon Hill's Executive Committee not previously identified.

I.      The term "person" refers to and includes a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents and/or employees.

J.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

K.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

L.      The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

M.      For any and all documents described in these requests which are withheld on the grounds of privilege, work product or otherwise, provide an index of the withheld documents which identifies the document, including, without limitation, the names of the authors and recipients of the document, the date of the document, the subject of the communication, and the reason for non-production.

N.      If any document requested herein was, but no longer is, in your possession, custody or control, please fully identify each such document, and indicate (a) when and how it ceased to be in your possession, custody, or control; (b) whether it is still in existence; and (c) if so, its custodian and present location.

O.      Unless otherwise noted, the relevant timeframe for the requests is from May 1, 2018 to the present.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between you and any other individual regarding Beacon Hill's position, philosophy, perspective, or opinions about restrictive covenants.

**RESPONSE:**


**REQUEST NO. 2:**

All documents between you any member of the Beacon Hill Management Team regarding restrictive covenants, concerns or discussions about hiring Randstad employees, actual or potential litigation against Beacon Hill in connection with restrictive covenants, and/or Beacon Hill's expenses incurred in connection with restrictive covenant litigation.

**RESPONSE:**


**REQUEST NO. 3:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between you and Shauna Mooney regarding employment or potential employment with Beacon Hill or resigning from Randstad.

**RESPONSE:**


**REQUEST NO. 4:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) relating to any restrictions placed on Shauna Mooney's ability to compete in a certain geographic territory, to solicit customers, or to solicit employees.

**RESPONSE:**


**REQUEST NO. 5:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) relating to Shauna Mooney's restrictive covenant agreement.

**RESPONSE:**


**REQUEST NO. 6:**

All documents and communications regarding your receipt of any cease and desist letter sent by or on behalf of Randstad since May 1, 2018.

**RESPONSE:**


**REQUEST NO. 7:**

Any and all documents relating to your Answers to Randstad's First Set of Interrogatories.

**RESPONSE:**

Respectfully submitted,

/s/ Alex Meier

Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
(Admitted pro hac vice)
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
(Admitted pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
(Admitted pro hac vice)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Counsel for Plaintiffs

Dated: November 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

SHAWNA BESTREICH to be emailed to the following counsel of record:

> Benjamin I. Fink
> bfink@bfvlaw.com
> Lea C. Dearing
> ldearing@bfvlaw.com
> BERMAN FINK VAN HORN, P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

> */s/ Alex Meier*
> Alex Meier
> *Counsel for Plaintiffs*

-7-

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **RANDSTAD GENERAL PARTNER (US), LLC and RANDSTAD TECHNOLOGIES, LLC.** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION FILE NO.:** <br> **3:20-cv-02814-N** |
| **BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, ANDREW WANG, and DOES 1-10.** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ANDREW WANG

Plaintiffs Randstad General Partner (US), LLC ("Randstad General Staffing") and Randstad Technologies, LLC ("Randstad Technologies" and, with Randstad General Staffing, "Randstad"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, propounds the following requests for production upon Defendant Andrew Wang, and requests that these requests be answered separately, fully, and under oath, and be delivered to Estes Thorne & Carr PLLC, 3811 Turtle Creek Blvd, Suite 2000, Dallas, TX 75219.

## DEFINITIONS AND INSTRUCTIONS

A.      The term "document" is defined as to reach all written or printed matter and recordings, including, but not limited to, writings, drawings, graphs, charts, photographs, videotapes, computerized records and files, electronic mail, tape recordings, and any other data from which information can be obtained or translated, if necessary, by you through detection

devices into a reasonably usable form.  The term also includes all drafts, alterations, modifications, and non-identical copies of the foregoing.

      B.        The terms "you" and "your" refers to Andrew Wang.

      C.        The term "Randstad" refers to Randstad General Staffing and Randstad Technologies and their owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

      D.        The term "Randstad Companies" refers to Randstad General Staffing, Randstad Technologies, Randstad Professionals, Randstad Corporate Services, Spherion, and Randstad Sourceright.

      E.        The term "Former Randstad Employees" includes all Beacon Hill employees who were formerly employed at Randstad and includes, but is not limited to, the individuals identified in Paragraph No. 71 of Randstad's Complaint.

      F.        The term "Randstad Customers" refers to, with respect to each Former Randstad Employee, customers with whom the Former Randstad Employee had material contact on behalf of Randstad in the year prior to such Former Randstad Employee's separation from Randstad.

      G.        The term "Randstad Talent" refers to, with respect to each Former Randstad Employee, placement candidates and temporary staffing candidates who the Former Randstad Employee, in the year prior to such Former Randstad Employee's separation from Randstad, placed with any Randstad Customer.

      H.        The term "Beacon Hill Management Team" refers to the following individuals: Charlie Cain, Joanna Foulk, Amy Van Sicklin, Jeff McLaren, Ryan Pirnat, Kathleen Keliher, John Williams, Aaron Mace, and any member of Beacon Hill's Executive Committee not previously identified.

I.      The term "person" refers to and includes a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents and/or employees.

J.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

K.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

L.      The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

M.      For any and all documents described in these requests which are withheld on the grounds of privilege, work product or otherwise, provide an index of the withheld documents which identifies the document, including, without limitation, the names of the authors and recipients of the document, the date of the document, the subject of the communication, and the reason for non-production.

N.      If any document requested herein was, but no longer is, in your possession, custody or control, please fully identify each such document, and indicate (a) when and how it ceased to be in your possession, custody, or control; (b) whether it is still in existence; and (c) if so, its custodian and present location.

O.      Unless otherwise noted, the relevant timeframe for the requests is from January 1, 2014 to the present.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between you and any other individual regarding your position, philosophy, perspective, or opinions about restrictive covenants.

**RESPONSE:**


**REQUEST NO. 2:**

All documents between you and at least one member of the Beacon Hill Management Team regarding restrictive covenants, concerns or discussions about hiring Randstad employees, actual or potential litigation against Beacon Hill in connection with restrictive covenants, and/or Beacon Hill's expenses incurred in connection with restrictive covenant litigation.

**RESPONSE:**


**REQUEST NO. 3:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between you and any current or Former Randstad Employees from January 1, 2014 to the present regarding employment or potential employment with Beacon Hill or resignation of employment with a Randstad Company.

**RESPONSE:**


**REQUEST NO. 4:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) relating to any restrictions placed on a new hire relating to that new hire's ability to compete in a certain geographic territory, to solicit customers, or to solicit employees.

**RESPONSE:**

-4-

**REQUEST NO. 5:**

All documents and communications from your personal email account that reference Randstad, restrictive covenants, non-competition provisions, non-solicitation provisions, or non-recruitment provisions.

**RESPONSE:**

**REQUEST NO. 6:**

All documents since January 1, 2014 where you or any other Beacon Hill employee instructed, recommended, or told a person to conceal and/or not to disclose the person's affiliation or future affiliation with Beacon Hill, such as instructing the person to not update their LinkedIn profile or to not disclose that the person is or will be employed by Beacon Hill.

**RESPONSE:**

**REQUEST NO. 7:**

A copy of any interrogatory answers you have verified on behalf of Beacon Hill.

**RESPONSE:**

**REQUEST NO. 8:**

A copy of any deposition transcript where you were deposed in your individual capacity or in your capacity as the corporate representative of Beacon Hill.

**RESPONSE:**

**REQUEST NO. 9:**

All documents containing advice regarding the enforceability of restrictive covenants that were sent to someone, including via email and cc'd email, other than a current Beacon Hill employee or Beacon Hill's outside counsel.

**RESPONSE:**

**REQUEST NO. 10:**

All documents regarding the potential hiring of any Former Randstad Employee and any attorney from either Eckert Seamans Cherin & Mellott, LLC or Berman Fink Van Horn P.C.

**RESPONSE:**


**REQUEST NO. 11:**

All documents and communications regarding your receipt of any cease and desist letter sent by or on behalf of Randstad since January 1, 2014.

**RESPONSE:**


**REQUEST NO. 12:**

All documents and communications regarding Beacon Hill's acceptance and/or implementation of any no-hire or employee non-solicitation provision in a settlement agreement or other agreement ancillary to the resolution of actual or potential litigation.  This request is limited to no-hire agreements implemented on or after January 1, 2010.

**RESPONSE:**


**REQUEST NO. 13:**

Any and all documents relating to your Answers to Randstad's First Set of Interrogatories.

**RESPONSE:**

Respectfully submitted,

*/s/ Alex Meier*

Dawn Estes
State Bar No. 14251350
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd
Suite 2000
Dallas, Texas 75219
destes@estesthornecarr.com
tmoxley@estesthornecarr.com
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Of Counsel

Robert C. Stevens (Georgia Bar No. 680142)
*(Admitted pro hac vice)*
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
*(Admitted pro hac vice)*
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust
*(Admitted pro hac vice)*
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiffs*

Dated: November 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on November 10, 2020, I caused a true and correct copy of the foregoing

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

ANDREW WANG to be emailed to the following counsel of record:

> Benjamin I. Fink
> bfink@bfvlaw.com
> Lea C. Dearing
> ldearing@bfvlaw.com
> BERMAN FINK VAN HORN, P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

> */s/ Alex Meier*
> Alex Meier
> *Counsel for Plaintiffs*

-8-

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RANDSTAD GENERAL PARTNER )<br>(US), LLC                    )<br>                                          )<br>        Plaintiff,                  )<br>                                          )<br>                                          )<br>v.                                        )<br>                                          )<br>BEACON HILL STAFFING GROUP )<br>LLC, SHAWNA BESTREICH and  )<br>ERIK ADAMS,                      )<br>                                          )<br>        Defendants.              )<br>_____ ) | CIVIL ACTION FILE NO:<br>1:19-CV-01655-ODE |

## DEFENDANT BEACON HILL STAFFING GROUP LLC'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45, Defendant Beacon

Hill Staffing Group LLC ("Beacon Hill"), appearing specially without waiving its

defense of lack of personal jurisdiction and expressly preserving the same, files this

Motion for Protective Order (the "Motion") and respectfully requests that this Court

issue a protective order limiting the scope of Plaintiff Randstad General Partner (US)

LLC's First Set of Interrogatories to Defendant Beacon Hill, First Set of Requests

for Production to Defendant Beacon Hill, First Set of Requests for Admission to

Defendant Beacon Hill, Second Set of Interrogatories to Defendant Beacon Hill,

Second Set of Requests for Production to Beacon Hill, Second Set of Requests for Admission to Defendant Beacon Hill (collectively, the "Requests") and the topics in Exhibit A to Plaintiff's Revised Notice of Deposition of Beacon Hill (the "Topics").

In support of the Motion, Beacon Hill relies upon its Memorandum of Law in Support of the Motion filed contemporaneously herewith (the "Memorandum"), the attachments to the Memorandum, and all other pleadings and documents of record.

Accordingly, for the reasons set forth in the Memorandum, Beacon Hill respectfully requests that this Honorable Court issue an Order:

1)      Granting the Motion;

2)      Providing for a protective order that excuses Beacon Hill from responding to the Requests and Topics addressed in the Memorandum, or, alternatively, limit the scope to (i) the time period since the Settlement Agreement, (ii) the Beacon Hill Admin Division, and (iii) topics bearing on the hiring of Ms. Bestreich and Mr. Adams. Specifically, Beacon Hill requests that the Court enter a protective order that Beacon Hill is not required to respond to the following:

- Plaintiff's First Set of Interrogatories to Defendant Beacon Hill Nos. 3, 15 [Exh. A]
- Plaintiff's First Set of Requests for Production to Defendant Beacon Hill Nos. 28, 35, 36, 37 [Exh. B]
- Plaintiff's First Set of Requests for Admission to Defendant Beacon Hill Nos. 1-6, 14-124 [Exh. C]
- Plaintiff's Second Set of Request for Admission to Defendant Beacon

2

Hill Nos. 1-9 [Exh. F]

- Plaintiff's Second Set of Interrogatories to Defendant Beacon Hill Nos. 3, 4 [Exh. D]
- Plaintiff's Second Set of Requests for Production to Defendant Beacon Hill Nos. 1-6 [Exh. E]
- Plaintiff's Revised Notice of Deposition of Beacon Hill, Topics 3, 4, 5, 6, 7, 8, 9, 10, 12 [Exh. G]; and

3) For such other and further relief as the Court deems just, proper, and equitable under the circumstances.

This 23rd day of December, 2019.

BERMAN FINK VAN HORN P.C.

By: /s/ Benjamin I. Fink
    Benjamin I. Fink
    Georgia Bar No. 261090
    Lea C. Dearing
    Georgia Bar No. 922882
    Ashley M. Bowcott
    Georgia Bar No. 871190

3475 Piedmont Road NE            *Counsel for Defendants Beacon*
Suite 1100                       *Hill Staffing Group, LLC,*
Atlanta, Georgia 30305           *Shawna Bestreich, and Erik*
                                 *Adams*

3

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

This 23rddday of December, 2019.

BERMAN FINK VAN HORN P.C.

By:   */s/ Benjamin I. Fink*
Benjamin I. Fink
Georgia Bar No. 261090

3475 Piedmont Road, NE          *Counsel for Defendants Beacon Hill*
Suite 1100                      *Staffing Group, LLC, Shawna*
Atlanta, Georgia 30305          *Bestreich, and Erik Adams*
(404) 261-7711
(404) 233-1943 (Facsimile)

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on December 23rd, 2019, I electronically filed the foregoing **DEFENDANT BEACON HILL STAFFING GROUP LLC'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert C. Stevens, Esq.
Alex Meier, Esq.
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962

bstevens@seyfarth.com
ameier@seyfarth.com
***Counsel for Plaintiff***

Erik W. Weibust, Esq.
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210

eweibust@seyfarth.com
***Counsel for Plaintiff***


BERMAN FINK VAN HORN P.C.


By:  */s/ Benjamin I. Fink*
      Benjamin I. Fink
      Georgia Bar No. 261090

3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

*Counsel for Defendants Beacon Hill Staffing Group, LLC, Shawna Bestreich, and Erik Adams*

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER )
(US), LLC                )
                         )
    Plaintiff,            )
                         )
                         )
v.                       )
                         )
BEACON HILL STAFFING GROUP )
LLC, SHAWNA BESTREICH and )
ERIK ADAMS,              )
                         )
    Defendants.          )
————————————————————— )

CIVIL ACTION FILE NO:
1:19-CV-01655-ODE

## <u>DEFENDANT BEACON HILL STAFFING GROUP LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER</u>

Beacon Hill Staffing Group LLC ("Beacon Hill"), appearing specially without waiving its defense of lack of personal jurisdiction, files this Memorandum of Law in Support of its Motion for Protective Order and shows as follows:

## I.    INTRODUCTION

Plaintiff Randstad General Partner (US) LLC's written discovery to Beacon Hill (collectively the "Requests"), and the topics listed in Plaintiff's Revised Notice of Deposition of Beacon Hill (the "Topics") are improper for the following reasons:

- Plaintiff seeks information related to Beacon Hill's hiring of Former Randstad Employees,[1] even those that were resolved by a binding agreement containing full releases (the "Settlement Agreement," attached hereto as Exh. H (filed under seal));

- Plaintiff seeks information related to all eight of Beacon Hill's National Divisions and 108 independent business lines, when Ms. Bestreich and Mr. Adams work(ed) exclusively for the Associates Division ("Admin Division")[2];

- Plaintiff seeks information related to hires that are so stale the applicable statutes of limitation for any claims relating to such hires has long expired;

- Plaintiff seeks to require Beacon Hill to create information it does not track and documents it does not maintain in the ordinary course of business;

- Plaintiff seeks information related to Former Randstad Employees where the defined term would apply to every entity affiliated with the Plaintiff holding company, not just the employer of Ms. Bestreich and Mr. Adams, which is believed to be Randstad US, LLC;

- Plaintiff seeks access to documents produced in discovery by Beacon Hill or any co-defendant, interrogatory answers, deposition transcripts and settlement agreements related to prior litigation based solely on the subject of the plaintiff's allegations, without any limitations related to the actual subject matter of the materials exchanged and without reasonable time limits. In addition to implicating entirely unrelated and stale litigation, these requests trigger burdensome confidentiality and notice hurdles related to third parties whose information may be implicated;

- Plaintiff seeks the text communications from approximately 20 Beacon

---

[1] Plaintiff defines "Former Randstad Employees" as "all [Beacon Hill] employees who were formerly employed at Randstad . . .". [Exh. B]. Randstad General Partner (US) LLC is the holding company under which each of Plaintiff's divisions are organized. "Randstad" therefore includes all of Plaintiff's companies and "Former Randstad Employee" includes any employee they employed.

[2] Beacon Hill's Associates Division is often referred to as Beacon Hill Administrative (referred to as the "Admin Division" or the "Division" herein).

Hill executives' personal phones on broad subject matter dating back more than 10 years; and

- Plaintiff seeks to depose a corporate representative of Beacon Hill on topics that correspond with the improper and overbroad Requests discussed in this Motion and which amount to a memorization test of the entire corporate history of Beacon Hill.

The Court should enter a protective order limiting the scope of discovery to Plaintiff's claims related to the hiring of Ms. Bestreich and Mr. Adams and the associated Admin Division of Beacon Hill, along with a temporal limit on all discovery of no earlier than June 2, 2017, the date of the Settlement Agreement.[3]

## II.   STATEMENT OF FACTS

### A. Ms. Bestreich and Mr. Adams' Employment.

Plaintiff employed Ms. Bestreich and Mr. Adams in its Dallas, Texas office.[4] Ms. Bestreich joined the General Staffing Division as a Vice President of Market Sales in 2016 and Mr. Adams was hired in 2017 as a staffing manager in the same division.[5]

---

[3] Plaintiff's First Set of Interrogatories to Defendant Beacon Hill is at Exhibit "A", Plaintiff's First Set of Requests for Production to Defendant Beacon Hill is at Exhibit "B", Plaintiff's First Set of Requests for Admission to Defendant Beacon Hill is at Exhibit "C", Plaintiff's Second Set of Interrogatories to Defendant Beacon Hill is at Exhibit "D", Plaintiff's Second Set of Requests for Production to Defendant Beacon Hill is at Exhibit "E", Plaintiff's Second Set of Requests for Admission to Defendant Beacon Hill is at Exhibit "F", and Exhibit A to Plaintiff's Revised Notice of Deposition of Beacon Hill is at Exhibit "G."
[4] Dkt. 1-2, ¶¶ 31, 47.
[5] *Id.*

In 2018, Beacon Hill hired Ms. Bestreich in a producing (sales) role in its Admin Division, and, later that year, Mr. Adams joined the same Division.[6] Both Ms. Bestreich and Mr. Adams work(ed) exclusively in the Dallas, Texas office.[7]

### B. Beacon Hill

Beacon Hill has eight distinct National Divisions, one of which is the Admin Division.[8] Each of the Divisions has its own leadership, including a Managing Director.[9] Across those eight Divisions, Beacon Hill has 108 independent lines of business, each with its own profit and loss statements.[10] Seventeen of those lines sit within the Admin Division.[11] Compensation for each Managing Director is based on his or her Division performance and is not based on company-wide performance.[12]

### C. Plaintiff's Claims and the Prior Settlement

Plaintiff asserts a claim against Beacon Hill for intentional interference with Ms. Bestreich and Mr. Adams' contractual relationships with Plaintiff as well as a claim for civil conspiracy in connection with Ms. Bestreich and Mr. Adams' alleged violations of their employment agreements (collectively referred to as the

---

[6] Dkt. 10-2, ¶¶ 10, 16.
[7] *Id.* at ¶¶ 15, 18. Mr. Adams no longer works for Beacon Hill. [*Id.* at ¶ 17].
[8] Exh. I, ¶ 9. The Declaration of Charles J. Cain is attached as Exhibit "I".
[9] *Id.* at ¶ 10.
[10] *Id.* at ¶ 21.
[11] *Id.*
[12] *Id.* at ¶ 15.

4

"Agreements") with Plaintiff.[13]

One June 2, 2017, Plaintiff and Beacon Hill resolved litigation via a Settlement Agreement, relating to Beacon Hill's hiring of four individuals in Baltimore, Boston and Philadelphia.[14] The Settlement Agreement contained a global release by Plaintiff and its affiliates of Beacon Hill and its affiliates for all claims known or unknown related to the hiring of the four individuals and the two lawsuits Plaintiff filed.[15] Plaintiff now seeks discovery related to these individuals.[16]

### E. **Plaintiff's Corporate Structure**

While Plaintiff is a holding company and the named party in the employment agreements that Ms. Bestreich and Mr. Adams signed, upon information and belief, Ms. Bestreich and Mr. Adams actually worked for Randstad US, LLC. There are currently at least seven active entities affiliated with Plaintiff which are registered with the Georgia Secretary of State.[17] Plaintiff's website describes 16 different

---

[13] *See* Dkt. 1-2, ¶¶ 88-98, 113-117.

[14] Exh. H.

[15] *Id.* at ¶ 37.

[16] Exh. C, ¶¶ 29-31, 53-55, 116-118, 122-124.

[17] Randstad Federal LLC, Randstad General Partner (US) LLC, Randstad HR Solutions of Delaware, LLC, Randstad North America, Inc., Randstad Professional US, LLC, Randstad Technologies, LLC, and Randstad US, LLC are all currently active entities registered with the Georgia Secretary of State. Copies of those entities' current status are attached hereto as Exhibit "J."

"companies" operating in the United States.[18] Plaintiff appears to seek discovery related to Beacon Hill's interactions with employees of all of these entities, including, for example, SourceRight and Randstad Technologies.[19]

### F. Plaintiff's Discovery

Plaintiff seeks identification of and information about all individuals hired—by any Division at Beacon Hill—from any company affiliated with Plaintiff since January 1, 2014.[20] Plaintiff also seeks similar information without any temporal limits in other Requests.[21] Beacon Hill does not track this information.[22] There are no Beacon Hill documents that reflect the work history of its employees.[23] Beacon Hill has 861 active internal employees across its eight Divisions.[24] Beacon Hill has

---

[18] *See* https://www.randstad.com/randstad-worldwide/?country-id=32, where Plaintiff lists the following "companies" operating in the U.S.: B2B Workforce Inc., DB Concepts, Monster Worldwide, Placement Pros, Randstad, Randstad Engineering, Randstad Finance & Accounting, Randstad Healthcare, Randstad Human Resources, Randstad Pharma, Randstad Professionals, Randstad RiseSmart, Randstad SourceRight, Randstad Technologies, Spherion, and Tatum.

[19] In addition to the definitions discussed in footnote 2 above, Plaintiff defines "Randstad Companies" as Randstad General Staffing, Randstad Technologies, Randstad Professionals, Randstad Corporate Services, Spherion, and Randstad Sourceright. It is unclear how these entities relate to those listed with the Georgia Secretary of State and those listed on Randstad's website.

[20] Exh. A, No. 3.

[21] Exh. C.

[22] Exh. I, ¶ 29.

[23] *Id.*

[24] *Id.* at ¶ 5.

6

124 active internal employees within the Admin Division.[25] It is unknown how many former employees would also be responsive.[26]

Plaintiff recently sent additional Requests seeking information on at least 39 Former Randstad Employees, some hired by Beacon Hill as far back as 2008.[27] Plaintiff's requests require Beacon Hill to scour its records to determine if it received letters from Randstad related to these Former Randstad Employees and if Beacon Hill's Chief Executive Officer ever saw the letters.[28] In attempting to respond to this Request, Beacon Hill has been able to locate a handful of referenced letters. The letters Beacon Hill has found enclosed agreements between Randstad affiliates and the individual. Significantly, none of these Former Randstad Employees had agreements with Georgia venue or choice of law provisions.[29]

Several of Plaintiff's Requests seek information related to Beacon Hill's policies, procedures, hiring, and other decision-making as a company, rather than the Admin Division for which Ms. Bestreich and Mr. Adams were hired. The Admin Division shares in the overall back office expenses of Beacon Hill as a whole;

---

[25] *Id.* at ¶ 25.
[26] *Id.* at ¶ 7.
[27] Exh. C.
[28] *Id.*
[29] *Id.*

however, its staffing operations are independent of the other National Divisions.[30] This means that the Admin Division chooses which markets to enter and when, what individuals to hire and why, and its own compensation and bonus rates.[31] The Admin Division Managing Director is ultimately responsible for his division's profits and losses and makes his decisions independent of the other seven Managing Directors at Beacon Hill.[32] For example, the Admin Division is independently bearing the cost of this litigation.[33]

Plaintiff also seeks more than 10 years of text messages to or among 20 Beacon Hill "executives."[34] Plaintiff requests all messages related in any way to any of Plaintiff's companies, former employees, customers, or talent.[35] Beacon Hill does not own its employees' cell phones and has no right to demand they turn those devices over for searches or production. The forensic cost to image and search each phone would be roughly $5,500.00 based on the costs to run similar searches on those already imaged, searched and produced from Ms. Bestreich's phone.[36]

---

[30] Exh. I, ¶¶ 10-16.

[31] *Id.*

[32] *Id.*

[33] *Id.* at ¶ 19.

[34] It appears the requested custodians were randomly pulled from Beacon Hill's website as many have no known correlation to this lawsuit.

[35] Exh. B, No. 8.

[36] Exh. I, ¶ 20.

Additionally, several of Plaintiff's Requests seek identification of all litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against Beacon Hill over the past five years as well as all documents produced by Beacon Hill or any co-defendant, interrogatory answers, deposition transcripts, and settlement agreements in litigation involving the same claim(s) since January 1, 2009.[37] Plaintiff has also recently moved to compel Beacon Hill to produce documents related to its "expenses related to trade secrets and/or restrictive covenants litigation for the last five years."[38]

Similar to the written Requests, the deposition Topics seek information relating to Beacon Hill as a whole, rather than the Admin Division.[39] Several proposed Topics also seek information relating to all previous litigation or other disputes in which any Division of Beacon Hill was involved. Specifically, Topics 3, 4-10, and 12 require designation of a corporate representative who can speak to the complete hiring and litigation history of all Divisions, as well as each Division's

---

[37] Exh. A, No. 15; Exh. Nos. 35-37.

[38] Exh. B, No. 28.

[39] Plaintiff has noticed the 30(b)(6) deposition of Beacon Hill for early January 2020. Because the deposition is set to occur in less than a month, Beacon Hill seeks expedited consideration of this Motion. Plaintiff has filed an Emergency Motion to Expedite or, Alternatively, Motion for Extension of Time. [Dkt. 61]. Beacon Hill intends to file a response to that Emergency Motion shortly, but also seeks expedited consideration of this Motion in addition to those discovery disputes identified in Plaintiff's Emergency Motion.

policies, practices, and procedures. No such individual exists.[40] Each of the eight

Divisions at Beacon Hill largely run independently of one another, expanding in

different markets at different times, handling hiring and managing employees

independently, and dealing with litigation independently.[41] To cover the scope of the

Topics, Beacon Hill would be required to designate a witness for each of the

Divisions.[42]

The Court should issue a protective order that Beacon Hill not be required to

respond to the Requests and Topics addressed in this Motion or, alternatively,

limiting the scope to (i) the time period since the Settlement Agreement, (ii) the

Beacon Hill Admin Division, and (iii) topics bearing on the hiring of Ms. Bestreich

and Mr. Adams. Specifically, the Court should enter a protective order that Beacon

Hill is not required to respond to the following:

- Plaintiff's First Set of Interrogatories to Defendant Beacon Hill Nos. 3, 15 [Exh. A]
- Plaintiff's First Set of Requests for Production to Defendant Beacon Hill Nos. 28, 35, 36, 37 [Exh. B]
- Plaintiff's First Set of Requests for Admission to Defendant Beacon Hill Nos. 1-6, 14-124 [Exh. C]
- Plaintiff's Second Set of Request for Admission to Defendant Beacon Hill Nos. 1-9 [Exh. F]
- Plaintiff's Second Set of Interrogatories to Defendant Beacon Hill Nos. 3,

---

[40] *See* Exh. I, ¶¶ 26-28.
[41] *Id.* at ¶¶ 10-16, 27.
[42] *Id.* at ¶ 28.

4 [Exh. D]
- Plaintiff's Second Set of Requests for Production to Defendant Beacon Hill Nos. 1-6 [Exh. E]
- Plaintiff's Revised Notice of Deposition of Beacon Hill, Topics 3, 4, 5, 6, 7, 8, 9, 10, 12 [Exh. G]

## III.    ARGUMENT AND CITATIONS OF AUTHORITY

Rule 26(c) of the Federal Rules of Civil Procedure provides that "for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including (1) forbidding the disclosure or discovery; and (2) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D).

## A. <u>The Court should issue a protective order as to the Requests and Topics.</u>

Rule 26(b)(1) provides that a party may obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Information is relevant if it "bears on, or [] reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Incomm Holdings, Inc. v. Great Am. Ins. Co.,* 1:15-cv-2671-WSD, 2016 WL 1213232, *3 (N.D. Ga. Mar. 23, 2016). Plaintiff's Requests and the Topics go well beyond what is allowed by Rule 26 considering the claims asserted by Plaintiff. Specifically, the Requests and Topics are not related to Beacon Hill's hiring of Ms.

11

Bestreich and Mr. Adams or any claim cognizable under Georgia law.

### 1. The information sought is not relevant.

A requesting party must properly limit the scope of its requests and must have a reason for seeking the requests aside from blind guesswork. *See Rollins v. Cone Distrib., Inc.,* 710 F. App'x 814, 819-20 (11th Cir. 2017) (denying motion to compel production of personnel files of every employee in a warehouse where responding party had provided certain employee files and had not indicated any other "particular warehouse employee" was relevant to plaintiff's Title VII claim).

Plaintiff has asserted a tortious interference claim against Beacon Hill.[43] Under both Texas and Georgia law, Plaintiff is required to identify the specific contracts with which it alleges Beacon Hill has interfered.[44] Plaintiff identified Ms. Bestreich and Mr. Adams' agreements.[45] Plaintiff will be required to show that Beacon Hill acted with intent to injure, induced Ms. Bestreich and Mr. Adams to breach their contracts with Plaintiff and that Plaintiff was injured financially.[46]

---

[43] Dkt. 1-2, ¶¶ 88-98.

[44] *See ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997)*; Agliysys, Inc. v. Hall,* 258 F. Supp. 3d 1331, 1352 (N.D. Ga. 2017) ("[P]laintiff must establish the existence of a valid contract" and assert "facts to support specific contracts").

[45] Dkt. 1-2, ¶¶ 88-98.

[46] *See, e.g., McGehee v. Hagan,* 367 S.W.3d 848, 854 (Tex. Ct. App.-Hous. [14th] 2012). *See also Britt Paul Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc.,* 952 F. Supp. 1575, 1581 (N.D. Ga. 1996).

Nonetheless, Plaintiff seeks expansive discovery well beyond anything that could possibly be relevant to these two hires.

**Former Randstad Employees Requests**. Many Requests relate to Plaintiff's former employees. These are improper for several reasons.  First, the definition of this term should be limited to the operating entity for which Ms. Bestreich and Mr. Adams were actually employed. Second, these requests target every line of business at Beacon Hill across all eight National Divisions. As described above, the Divisions operate largely independently of one another and, assuming Plaintiff's general interference theory existed, it would only be appropriate to inquire as to the Administrative business line within the Admin Division. Third, the requests are not reasonably limited in time. The appropriate limitation would be within the applicable statute of limitations, or since the entry of the Settlement Agreement.

Plaintiff tries to justify its fishing expedition by arguing that Beacon Hill has a strategy of "poaching employees from competitors" that it needs to investigate.[47] No such "poaching" claim exists in Georgia.[48] Therefore, this broad swath of

---

[47] Dkt. 1-2, ¶ 62.

[48] *See Hamilton v. World Wrestling Entm't, Inc.*, No. 1:09-CV-1559-CAP-WEJ, 2009 WL 10669648, at *3 (N.D. Ga. Oct. 2, 2009), report and recommendation adopted, No. 1:09-CV-1559-CAP-WEJ, 2009 WL 10672375 (N.D. Ga. Oct. 28, 2009) (holding tortious interference claim failed to state a claim where plaintiff did not identify specific contract).

information is not relevant or discoverable.

Neither the employees identified in paragraph 83 of the Complaint, nor those included in Plaintiff's First Set of Requests for Admission to Defendant Beacon Hill can form the basis of a general tortious interference claim. Many of the individuals are located in states other than Georgia or Texas, so different substantive law and statutes of limitation would potentially apply to each hire.[49]

If Plaintiff simply seeks to show that Beacon Hill has previously hired other employees subject to agreements with Randstad, there is prior litigation between the two companies and it is undisputed that such litigation resulted in the Settlement Agreement.[50] Plaintiff utterly fails to explain what significance additional discovery over hires that apparently did not merit filing litigation would do to advance the issues in this case. Further discovery would simply be duplicative of facts that are not even in controversy.  Beacon Hill has hired employees that previously worked for Plaintiff. What is contested is whether those employees' employment with Beacon Hill violated agreements with the Plaintiff. However, this case is only about two employees—Ms. Bestreich and Mr. Adams. Other hires, in other jurisdictions, based on different agreements will not provide any insight into the claims before this

---

[49] *See* Dkt. 1-2, ¶ 83; Exh. C.
[50] Exh. H.

14

Court.

If Plaintiff intended to bring claims against Beacon Hill beyond the hiring of Ms. Bestreich and Mr. Adams, it is too late to do so in this case.[51] Doing so would be futile, as it is seeking very stale information based on the individuals Plaintiff identifies.[52] Furthermore, if this is indeed what Plaintiff seeks to litigate, it has not been candid with the Court in its briefing related to its argument that Beacon Hill is subject to jurisdiction in Georgia, as it has argued its claims are focused on Ms. Bestreich's and Mr. Adams' Agreements.[53] Plaintiff has taken the position that this case arises out of the hiring of Ms. Bestreich and Mr. Adams, to use the venue provision in *their* specific employment agreements as the jurisdictional hook to hail Beacon Hill into this Court.[54] However, Plaintiff's discovery indicates it is seeking evidence to support some kind of general, nationwide business or employment interference claim against Beacon Hill, and for which there is no good faith basis to

---

[51] Fed. R. Civ. P. 15; Dkt. 28.

[52] Dkt. 1-2, ¶ 83; Exh. C. Some individuals Plaintiff identifies were hired by Beacon Hill as long ago as 2008. *See, e.g.*, Exh. C, ¶¶ 1-6, 44-46, 59-61, 65-67, 89-91, 104-109 (identifying Travis Reding (2008-GA); Jessica Hamelin (2008-GA); Carla Andrea (2010-CA); Kathryn Kohl (2010-FL); Kim Leckenby (2010-PA); Maricela Ostrand (2014-IL); Ryan Pirnat (2014-IL); Ashley Asquith (2015-MA), etc.). [Exh. I, ¶ 8]. If Plaintiff truly intends to pursue claims related to these and the other individuals identified, each tort claim would be governed by the law of the jurisdiction where the employee works. [*Id.*].

[53] *See* Dkt. 26, p. 7.

[54] *Id.*

15

assert jurisdiction in this Court.[55]

**Prior Litigation**. Plaintiff seeks access to documents produced in discovery, interrogatory answers, deposition transcripts and settlement agreements related to prior litigation based solely on the subject of the plaintiff's allegations in those previous cases.[56] There are several problems with these requests. First, Plaintiff has not asserted a trade secret claim in this case and provides no explanation as to why documents relating to such claims in other cases might be relevant. Second, the Requests are limited only by subject matter of the lawsuit, not the documents, transcripts and settlement agreements Plaintiff seeks to obtain. Third, Plaintiff seeks the identification of and materials from lawsuits as far back as 2009. Fourth, the Requests completely ignore the individual and highly fact-specific nature of noncompete litigation. Every agreement is unique and the factual circumstances of each hire is unique. For example, the hire of an employee that was terminated by its former employer in a state like California that does not allow non-competes, could

---

[55] No such general interference claim exists under Georgia law. *See Howerton v. Harbin Clinic, LLC,* 333. Ga. App. 191, 196 (finding that in order to prevail on a claim for tortious interference with contractual relations, plaintiff was required to prove existence of a valid employment agreement).

[56] The touchstone for these Requests' responsiveness is if the plaintiff alleged breach of an agreement or misappropriation of trade secrets.

not possibly be informative of any issue in this litigation.[57]

Evidence of allegedly "similar" incidents are not always relevant or properly discoverable. *See Orr v. Macy's Retail Holdings, Inc.,* CV 416-052, 2016 WL 6246798, at *2 (S.D. Ga. Oct. 24, 2016). In *Orr,* the plaintiffs in a personal injury lawsuit sought discovery relating to all prior incidents at Macy's related to faulty fitting room doors. *Id.* at *1. The plaintiffs agreed to limit the request to the past four years and the Macy's Southeast region stores, but Macy's objected to the request as overbroad and not relevant because there were many regional stores whose operations and incidents had no bearing on the injuries at issue in the action before the court. *Id.* The court held "even under the relaxed discovery standard," plaintiffs' request was not "reasonably related in terms of location *and* condition." *Id.* at *2. Rather, the court held that the plaintiffs sought a "broad swath of data that is potentially irrelevant to the allegations of the Complaint" and denied the motion. *Id.*

The prior litigation Requests are the equivalent of Plaintiff asking to rifle through a desk drawer or filing cabinet to search for something that may support a claim. These sort of fishing expeditions are improper. *See Pappillion v. Hyosung Motors Am., Inc.,* No. 1:07-CV-0900-BBM-RGV, 2008 WL 11335185, at *2 (N.D.

---

[57] *See* Dkt. 45, pp. 8-10 (distinguishing the facts of a California action with another staffing company from the facts allegedly giving rise to this action).

17

Ga. Jan. 14, 2008) (finding that Rule 26 does not provide "an unlimited license for a fishing expedition" and that "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses"). The fishing expedition for information regarding prior litigation is not permitted under Rule 26.

Here, Plaintiff has made no attempt to limit its Requests in terms of time period or region or, in this case, applicable Division. Additionally, Plaintiff seeks information relating to claims brought against Beacon Hill alleging misappropriation of trade secrets: a claim which is not even asserted in this action. In short, Plaintiff has made no effort to demonstrate how all prior restrictive covenant or trade secrets litigation may be relevant to the circumstances in this action. Even if the prior litigation had minimal relevance to this case—which Beacon Hill vigorously disputes—there is no colorable argument why Plaintiff would be entitled to all prior litigation materials when the Requests relating to those documents have in no way been limited to a place, time, or events similar to this action.

**Text Messages.** Plaintiff may not demand information that Beacon Hill does not possess. Beacon Hill does not provide its employees with cell phones and cannot demand they turn their personal cell phones in for review.

**Corporate Representative Topics**. Plaintiff seeks to explore these same

18

Topics through a deposition of a corporate representative. A deposition on these Topics would be improper for the same reasons the Requests are improper. And, for the same reasons, Beacon Hill requests the Court issue a protective order with limitations on the scope of testimony a representative is required to prepare for.

### 2. The Requests are grossly overbroad and not proportional to the needs of the case.

#### a) The Requests and Topics are outrageously overbroad.

Beacon Hill specifically seeks relief with respect to First Set of Requests for Production numbers 8, 28, 35, 36, and 37, First Set of Interrogatories numbers 3 and 15, First Set of Requests for Admission numbers 1-6 and 14-124, Second Set of Requests for Production numbers 1-6, Second Set of Interrogatories numbers 3 and 4, Second Set of Requests for Admission numbers 1-9 and Topics 3-10, 12, 28-32.

The Requests and Topics are overbroad as they are not limited to the appropriate Division or business line with respect to Plaintiff or Beacon Hill. They are not limited temporally, or, the time period is overbroad. The Requests and Topics directed at prior litigation are not limited to a relevant subject matter.

In addition to being overbroad, Plaintiff's Requests regarding prior litigation are unduly burdensome. Beacon Hill does not have a repository where it stores all documents related to litigation across all Divisions. Rather, gathering such documents would require extensive coordination, searching, and evaluation of rights

and obligations across Divisions at Beacon Hill and with multiple outside counsel. It will also involve coordination with third parties that have rights with respect to the confidentiality of deposition transcripts, interrogatory responses, documents exchanged, and the settlement agreements.

Finally, Plaintiff's deposition Topics are overbroad and unmanageable because they require Beacon Hill to designate a company representative who can speak to information across all of Beacon Hill's Divisions -- seven of which have no relationship to the claims in this litigation. There is no requirement that a Rule 30(b)(6) witness memorize voluminous records or the minutia and irrelevant subject matter called for in Plaintiff's noticed Topics.[58]

Beacon Hill has and is continuing to produce relevant, responsive information as it relates to the Admin Division and Ms. Bestreich or Mr. Adams. Beacon Hill is also willing to provide, and has provided, information regarding the Admin Division's subsequent hires of former employees of Plaintiff since this action was initiated. However, any other information responsive to Plaintiff's Requests is

---

[58] *See Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, No. 1:11-CV-01634-RLV, 2013 WL 11901530, at *2 (N.D. Ga. Apr. 26, 2013) (finding witness prepared on the topics properly within the scope of discovery and denying motion to compel) (citing *see QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) ("[T]he [30(b)(6) ] rule is not designed to be a memory contest.")).

grossly overbroad. When a party has provided a significant amount of discovery and "further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991). The Court should protect Beacon Hill from discovery sought by the Requests that would not be helpful to resolving the issues related to Ms. Bestreich or Mr. Adams and/or Beacon Hill's alleged knowledge of the Agreements.

b) *The information sought by the Requests is not proportional to the needs of the case.*

To determine whether material is "proportional to the needs of the case" requires consideration of "the importance of the issues at stake in the action, . . ., the parties' relative access to relevant information, . . ., the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As set forth above, the Requests lack importance to the issues in the case. Moreover, there are practical realities that will make it extremely time consuming, burdensome, and, in some instances, nearly impossible for Beacon Hill to respond to the Requests and Topics.

First, Beacon Hill does not track information related to the previous employment history of its hires. Thus, Beacon Hill does not have any way to determine who the Former Randstad Employees might be to even begin running searches on responsive materials. A party is not required to create documents that it

21

does not have. *See Morris v. First Franklin Fin. Corp.,* No. 1:07-CV-614-CAP, 2008 WL 11417129, at *2 (N.D. Ga. Aug. 14, 2008) (finding defendant was not required to create documents responsive to a request where defendant would have had to search all applicant files and extract data to create a month-by-month log). Unlike the defendant in *Morris* who had at least some of the information (albeit not in the format requested by plaintiff), Beacon Hill does not have this information stored in any easily retrievable format.[59]

Plaintiff suggests Beacon Hill could run searches on LinkedIn or email surveys to its workforce, but Beacon Hill is not obligated to do so. Beacon Hill has more than 800 internal employees across its National Divisions.[60] The Requests regarding Former Randstad Employees are not proportional to the needs of this case.

Plaintiff also desires communications related to former Randstad employees' recruitment. Given the breadth of the Requests (individuals from *any* division of Plaintiff and to *any* Division at Beacon Hill), the impacted custodians that would need to be searched would likely be extraordinarily voluminous. Plaintiff identified individuals in the Request for Admissions that span several different Divisions at Beacon Hill dating all the way back to 2008.

---

[59] Exh. I, ¶ 29.
[60] *Id.* at ¶ 5.

Additionally, recruiters for internal positions often reach out to potential candidates through LinkedIn messaging. These messages are the equivalent of a cold call in the sales context. They may go unanswered or result in a few benign exchanges. Securing this type of communication, which is not kept on any Beacon Hill system and would require logging in to each recruiter's account and searching their messages for the last 10 years, is not proportional to the needs of the case.

Attempting to respond to Plaintiff's Requests would require months of effort, significant legal expenses and forensic fees, and substantial coordination and work among Divisions unrelated to this dispute. This burden is completely disproportionate to any arguable relevance. A protective order should be issued that Beacon Hill is not required to expend this unwarranted effort.

**B. <u>Disclosure of the litigation files will cause substantial harm.</u>**

Rule 26(c) gives the district court discretionary power to issue a protective order upon a showing of good cause. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985). The existence of good cause turns on the nature and character of the information in question. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1314-15 (11th Cir. 2001). Furthermore, "the object of the inquiry must have some evidentiary value" in order to be discoverable. *In re RDM Sports Grp., Inc.,* 277 B.R. 415, 433 (N.D. Ga. 2002).

Material related to prior litigation has no evidentiary value to this dispute.

**1. Disclosure would cause Beacon Hill to violate the terms of settlement agreements it entered with non-parties.**

Beacon Hill would be substantially harmed if it were required to disclose the information Plaintiff seeks through its Requests. Several of the Requests seek all documents produced or created as a result of prior litigation involving a claim for tortious interference with a contract or misappropriation of trade secrets. One Request seeks all documents produced by Beacon Hill or any co-defendant.[61] The Requests cover time periods of, from January 1, 2009 to the present, or five years.[62]

Many of the settlements contain terms which require Beacon Hill to either destroy certain litigation materials once the settlement has been executed and/or to keep materials produced or created as a result of litigation confidential. Many settlements specifically prevent the parties from using any materials in subsequent litigation. If any party to the agreement fails to comply with its terms, that party exposes itself to liability. This issue has been briefed in response to the Insight Global subpoena which Beacon Hill incorporates herein.[63]

Not only do the Requests seek to harass and embarrass Beacon Hill, but

---

[61] Exh. B, No. 34.
[62] Exh A., No. 15; Exh. B., Nos. 34-37.
[63] *See* Dkts. 45-1, 47-1, 49.

24

requiring Beacon Hill to disclose information in violation of other agreements will cause actual, substantial harm to Beacon Hill.[64] Given that the cases for which Plaintiff seeks information relate to divisions and employees unrelated to this dispute, there is no apparent reason Plaintiff seeks to obtain the information, other than to harass Beacon Hill.

### 2. Disclosure of non-party prospective employees is against public policy.

The disclosure of information or documentation regarding a non-party prospective employee, particularly the identity of that individual, raises serious public policy concerns. Companies in virtually all industries are approached by, or reach out to, individuals to discuss potential employment. Oftentimes these conversations do not result in that prospective employee being hired, and the prospective employee may continue with the employer. If the individual remains with the employer, it is very likely the employee would not want discussion regarding potential employment with another employer to become known. Allowing a large company like Plaintiff to conduct discovery into every employee who has emailed or spoken about possible job opportunities could be detrimental to those employees and may also stifle competition.

---

[64] If Beacon Hill were ordered to respond to this Request, non-party staffing companies from prior cases would need to be provided an opportunity to appear and object on their own behalf.

## IV.  CONCLUSION

The Requests are overbroad and seek information which is not relevant or proportional to the needs of the case and which is unduly burdensome. Beacon Hill therefore requests that the Court issue a protective order limiting the Requests as set forth herein.

This 23rd day of December, 2019

BERMAN FINK VAN HORN P.C.

By: /s/ Benjamin I. Fink
Benjamin I. Fink
Georgia Bar No. 261090
Lea C. Dearing
Georgia Bar No. 922882
Ashley M. Bowcott
Georgia Bar No. 871190

3475 Piedmont Road NE
Suite 1100
Atlanta, Georgia 30305

*Counsel for Defendants Beacon Hill Staffing Group, LLC, Shawna Bestreich, and Erik Adams*

26

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

      This 23rd day of December, 2019.

BERMAN FINK VAN HORN P.C.

By:  */s/ Benjamin I. Fink*
    Benjamin I. Fink
    Georgia Bar No. 261090

3475 Piedmont Road, NE    *Counsel for Defendants Beacon Hill*
Suite 1100    *Staffing Group, LLC, Shawna*
Atlanta, Georgia 30305    *Bestreich, and Erik Adams*
(404) 261-7711
(404) 233-1943 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that, on December 23, 2019, I electronically filed the foregoing **DEFENDANT BEACON HILL STAFFING GROUP LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert C. Stevens, Esq.
Alex Meier, Esq.
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962

bstevens@seyfarth.com
ameier@seyfarth.com
*Counsel for Plaintiff*

Erik W. Weibust, Esq.
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210

eweibust@seyfarth.com
*Counsel for Plaintiff*


BERMAN FINK VAN HORN P.C.



By: */s/ Benjamin I. Fink*
        Benjamin I. Fink
        Georgia Bar No. 261090

3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

        *Counsel for Defendants Beacon Hill*
        *Staffing Group, LLC, Shawna*
        *Bestreich, and Erik Adams*

28

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
US, LLC,

               Plaintiff,

v.

BEACON HILL STAFFING
GROUP, LLC, SHAWNA
BESTREICH, and ERIK ADAMS,

               Defendants.

Civil Action No.:

1:19-CV-01655-ODE

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to O.C.G.A. § 9-11-33, submits the following interrogatories to Beacon Hill Staffing Group, LLC ("Defendant" or "BHSG") and requests that they be answered separately, fully, and under oath, and be delivered to Seyfarth Shaw LLP, 1075 Peachtree Street, Suite 2500, Atlanta, Georgia 30309-3962.

## DEFINITIONS AND INSTRUCTIONS

A.     These Interrogatories are continuing discovery requests, and require timely supplementation should additional information be obtained at any time between the time of answering and the time of trial.

B.     If you object to answering any Interrogatory on the basis of the attorney client privilege, please state the following:

     a.    The identity of the attorney and client as to whom that privilege is claimed, and the date, author, and recipient of each document or communication as to which objection is interposed;

     b.    The identity of all persons having knowledge of any facts that you claim are privileged or otherwise protected from disclosure; and

     c.    The basis for your claim that any document, communication or information is protected from disclosure by the attorney client privilege.

    C.    If you object to answering any Interrogatory in whole or in part on the basis of the work product doctrine, please state the following:

     a.    The basis for your claim that such information constitutes attorney work product;

     b.    The identity of each attorney claimed to have contributed to the material being claimed as work product; and

     c.    The identity of all persons having knowledge of any facts that you claim to be protected as attorney work product.

    D.    The remaining instructions and definitions contained in Randstad's Requests for Production to BHSG are incorporated herein as if fully restated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Randstad Company property in your custody, possession, or control. If the property is electronically stored information, identify the device on which such data is located.

### ANSWER:

**INTERROGATORY NO. 2:**

Set forth in detail the job duties and responsibilities for Bestreich and Adams with respect to his/her employment with BHSG.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify every Randstad Companies employee you have hired since January 1, 2014. For each employee, provide the employee's name, title at BHSG, whether the employee had a restrictive covenant agreement with Randstad, whether BHSG agreed to indemnify the employee in the event that Randstad filed a lawsuit against the employee and/or BHSG, whether the employee has a restrictive covenant agreement with BHSG, and which BHSG employee(s) made the decision to hire that employee.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all payments that BHSG has provided, promised to provide, or offered to provide to Bestreich and/or Adams, including but not limited to, wages, compensation, bonuses, commissions, attorneys' fees, expense reimbursements (travel-related or otherwise), equity grants, reimbursements, or salary guarantees and/or offers and including any conditions surrounding such promises and/or offers.

**ANSWER:**

**INTERROGATORY NO. 5:**

Unless the communication has been produced to Randstad, describe any and all communications (oral or in writing) BHSG has had with Bestreich and/or Adams concerning BHSG, BHSG's business, and/or prospective employment with BHSG. As to each such communication, describe in detail the communication, including its content, the date it occurred, all persons who participated in the communication, all persons whom you believe have knowledge of the communication, and the place or manner of the communication.

**ANSWER:**

**INTERROGATORY NO. 6:**

Unless the communication has been produced to Randstad, describe any and all communications (oral or in writing) BHSG had with Bestreich and/or Adams concerning the Randstad Companies, Randstad's business, his/her employment with Randstad, including any post-employment restrictive covenants, the staffing industry, and/or his/her resignation from Randstad. As to each such communication, describe in detail the communication, including its content, the date it occurred, all persons who participated in the communication, all persons whom you believe have knowledge of the communication, and the place or manner of the communication or contact.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all agreements, including, but not limited to, any non-compete agreements, non-solicitation agreements, nondisclosure agreements, employment agreements, joint

representation agreements, joint defense agreements, and indemnification agreements between BHSG and Bestreich and/or Adams.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify the locations of all meetings between BHSG and Bestreich and/or Adams from January 1, 2017 to the present.  As to each such meeting, describe the nature of the meeting, the date of the meeting, what was discussed at the meeting, and who was present at the meeting.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all customers or prospective customers to whom Bestreich/Adams have offered and/or sold staffing-related services on behalf of BHSG, the amount of any such sale or proposal, the name of the placed and/or proposed individual and the position, and whether you offered and/or sold staffing-related services to such customer or prospective customer during the last two years of Bestreich's and/or Adams's  employment with Randstad.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all persons with knowledge regarding the allegations in Randstad's Complaint and/or BHSG's defenses to such claims.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all BHSG employees involved in the decision to hire Bestreich and/or Adams.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify all information that Bestreich and/or Adams shared with BHSG.

**ANSWER:**

**INTERROGATORY NO. 13:**

Have you ever terminated or rescinded an offer from an actual or prospective employee because that employee took, misappropriated, or retained information relating to that employee's previous employer? If so, identify the individual's title, former employer, position with BHSG, what the individual improperly took, misappropriated, or retained, and any remediation efforts by BHSG.

**ANSWER:**

**INTERROGATORY NO. 14:**

In the last five years, how many times has BHSG decided to hire an individual even though the individual is subject to a restrictive covenant agreement? For each individual, identify the individual, the individual's former employer and role, the agreement at issue, and

any advice regarding the agreement's enforceability that BHSG received from internal or outside counsel (if the advice was communicated to persons or entities other than BHSG and its outside counsel).

**ANSWER:**

**INTERROGATORY NO. 15:**

In the last five years, identify every lawsuit where BHSG was sued by a company where the company alleged that BHSG tortuously interfered with a restrictive covenant agreement or misappropriated trade secrets. For each lawsuit, identify the style, the claims asserted against BHSG, and the outcome.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify every new office or line of business opened by BHSG in the last five years. For each, identify the first five employees hired, the five employees' immediate prior employer, whether the employees had restrictive covenant agreements, and whether BHSG received a cease and desist letter from the five employees' immediate prior employer.

**ANSWER:**

//Robert C. Stevens
Robert C. Stevens (Georgia Bar No. 680142)
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 282350)
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (*pro hac vice* motion to be
filed)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General Partner
(US), LLC*

Dated:  May 9, 2019

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER US, LLC, | |
| Plaintiff, | Civil Action No.: |
| v. | 1:19-CV-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that on May 9, 2019, the foregoing was served via e-mail and U.S. Mail to the following attorneys of record:

> Benjamin I. Fink
> Lea C. Dearing
> BERMAN FINK VAN HORN P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

By:   */s/ Robert C. Stevens*
Robert C. Stevens

55736761v.1                                    -9-

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER US, LLC, | |
| Plaintiff, | Civil Action No.: |
| v. | 1:19-CV-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BEACON HILL STAFFING GROUP, LLC**

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to O.C.G.A. § 9-11-34, submits the following requests for production to Defendant Beacon Hill Staffing Group, LLC ("BHSG") and requests that BHSG produce the following documents, along with complete written responses to the Requests below, to Seyfarth Shaw LLP, 1075 Peachtree Street, Suite 2500, Atlanta, Georgia 30309-3962.

## DEFINITIONS AND INSTRUCTIONS

A.      The term "document" is defined as to reach all written or printed matter and recordings, including, but not limited to, writings, drawings, graphs, charts, photographs, videotapes, computerized records and files, electronic mail, tape recordings, and any other data from which information can be obtained or translated, if necessary, by you through

detection devices into a reasonably usable form.  The term also includes all drafts, alterations, modifications, and non-identical copies of the foregoing.

B.    The terms "you," "your," and "BHSG" refer to Beacon Hill and its owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

C.    The term "Randstad" refers to Randstad General Partner (US), LLC and its owners, directors, officers, partners, employees, representatives, agents, attorneys, or assigns, collectively and individually.

D.    The term "Randstad Companies" refers to Randstad General Staffing, Randstad Technologies, Randstad Professionals, Randstad Corporate Services, Spherion, and Randstad Sourceright.

E.    The term "Former Randstad Employees" includes all BHSG employees who were formerly employed at Randstad and includes, but is not limited to, the individuals identified in Paragraph No. 83 of Randstad's Complaint.

F.    The term "Randstad Customers" refers to, with respect to each Former Randstad Employee, customers with whom the Former Randstad Employee had material contact on behalf of Randstad in the year prior to such Former Randstad Employee's separation from Randstad.

G.    The term "Randstad Talent" refers to, with respect to each Former Randstad Employee, placement candidates and temporary staffing candidates who the Former Randstad Employee, in the year prior to such Former Randstad Employee's separation from Randstad, placed with any Randstad Customer.

H.      The term "Bestreich" refers to Defendant Shawna Bestreich.

I.      The term "Adams" refers to Defendant Erik Adams.

J.      The terms "Bestreich Agreement" and "Adams Agreement" are incorporated by reference from Randstad's Complaint.

K.      The term "person" refers to and includes a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents and/or employees.

L.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

M.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

N.      The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

O.      For any and all documents described in these requests which are withheld on the grounds of privilege, work product or otherwise, provide an index of the withheld documents which identifies the document, including, without limitation, the names of the authors and recipients of the document, the date of the document, the subject of the communication, and the reason for non-production.

P.      If any document requested herein was, but no longer is, in your possession, custody or control, please fully identify each such document, and indicate (a) when and how it ceased to be in your possession, custody, or control; (b) whether it is still in existence; and (c) if so, its custodian and present location.

## REQUESTS FOR DOCUMENTS AND THINGS

### REQUEST NO. 1:

All documents and/or property regarding any Randstad Company, including its clients or customers, that BHSG received from or obtained from any Former Randstad Employee since January 1, 2009.

### RESPONSE:


### REQUEST NO. 2:

All documents provided to Bestreich and/or Adams prior to the start of his/her employment at BHSG.

### RESPONSE:


### REQUEST NO. 3:

All documents BHSG received from Bestreich and/or Adams.

### RESPONSE:


### REQUEST NO. 4:

Records of telephone calls and text messages that BHSG made, sent, or received relating to Bestreich and/or Adams from January 1, 2018 to the present.  Produce these

-4-

records in Excel format, which can be done automatically for both Verizon and AT&T phones. For Verizon numbers, access the "Calls & Messages" tab for "View My Bill" to create spreadsheets. For AT&T numbers, go to "Billing & Payment," select "View My Bill," select "Usage," select "Data, text, & talk logs," and select "Excel" in the top-right corner of the window.

**RESPONSE:**

**REQUEST NO. 5:**

Records of telephone calls and text messages that BHSG made, sent, or received relating to any Former Randstad Employee from January 1, 2009 to the present. Produce these records in Excel format, which can be done automatically for both Verizon and AT&T phones. For Verizon numbers, access the "Calls & Messages" tab for "View My Bill" to create spreadsheets. For AT&T numbers, go to "Billing & Payment," select "View My Bill," select "Usage," select "Data, text, & talk logs," and select "Excel" in the top-right corner of the window.

**RESPONSE:**

**REQUEST NO. 6:**

If Bestreich has or had a BHSG-issued phone, copies of all records of telephone calls and text messages, as well as the content of any text messages between Bestreich and any BHSG employee and/or Randstad Customer or Randstad Talent.

**RESPONSE:**

-5-

**REQUEST NO. 7:**

If Adams has or had a BHSG-issued phone, copies of all records of telephone calls and text messages, as well as the content of any text messages between Adams and any BHSG employee and/or Randstad Customer or Randstad Talent.

**RESPONSE:**

**REQUEST NO. 8:**

Text messages that were sent or received on or after January 1, 2009 relating to the Randstad Companies, Former Randstad Employees, Randstad Customers or Randstad Talent, Bestreich, or Adams between two or more of the following persons: Andrew Wang, Charlie Cain, Kimberly Abhold, Kellie Baker, Laura Verastegui, Lori Croyle, Keilly Cutler, Angela DiPaul, Kristen Johnson, Matthew Glazier, Mary Grimm, Heather Carpento, Emily Kaeli, Trish Kellogg, Laura Colby, Sherri Horn, Elizabeth Pirrie, Rebecca Wright, Joanna Foulk, Amy van Sicklin, Nicholas Billingham, Ryan Pirnat, Liz Davies, Wade Franchville, Kathleen Keliher, John Williams, Pauline Bakas, Jeff McLaren, Dave Abdou, Carla Andrea, and Erik Adams.

**RESPONSE:**

**REQUEST NO. 9:**

All documents relating to, bearing upon, or evidencing any non-privileged communications (oral or in writing) between BHSG and Bestreich and/or Adams from January 1, 2018 to the present concerning the allegations in the Complaint.

**RESPONSE:**

**REQUEST NO. 10:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between BHSG and Bestreich and/or Adams concerning BHSG, BHSG's business, and/or prospective employment with BHSG prior to her/his hire date.

**RESPONSE:**

**REQUEST NO. 11:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between BHSG and Bestreich and/or Adams concerning Randstad, Randstad's business, or Bestreich's and/or Adams's employment with Randstad.

**RESPONSE:**

**REQUEST NO. 12:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between BHSG and Bestreich and/or Adams relating to the Bestreich Agreement or the Adams Agreement, including, but not limited to, communications relating to the restrictive covenants contained in either agreement.

**RESPONSE:**

**REQUEST NO. 13:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between Bestreich and/or Adams and any Randstad employee occurring after the end of their employment with Randstad, excluding conversations with administrative personnel.

**RESPONSE:**

**REQUEST NO. 14:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between BHSG and any current or Former Randstad Employees from January 1, 2009 to the present regarding employment or potential employment with BHSG or resignation of employment with a Randstad Company.

**RESPONSE:**

**REQUEST NO. 15:**

All documents, relating to, bearing upon, or evidencing any agreements, including, but not limited to, any nondisclosure agreements, employment agreements, non-compete agreements, non-solicitation agreements, joint defense agreements, and indemnification agreements, between BHSG and Bestreich and/or Adams.

**RESPONSE:**

-8-

**REQUEST NO. 16:**

All personnel files and any other personnel records, including, but not limited to IRS Forms W-2 and 1099, new hire documentation, travel reimbursement documentation and relocation documentation for the Former Randstad Employees.

**RESPONSE:**


**REQUEST NO. 17:**

All restrictive covenant agreements between BHSG and any Former Randstad Employee.

**RESPONSE:**


**REQUEST NO. 18:**

All documents relating to, bearing upon, or evidencing the job description, job duties and job responsibilities for the positions for which BHSG hired Bestreich and Adams.

**RESPONSE:**


**REQUEST NO. 19:**

All documents relating to, bearing upon, or evidencing BHSG's decision to hire Bestreich and/or Adams, including communications between BHSG and Bestreich and/or Adams and communications between BHSG employees.

**RESPONSE:**

**REQUEST NO. 20:**

All documents relating to, bearing upon, or evidencing any and all compensation, bonus, commission or salary guarantees that Beacon Hill has provided to Bestreich and/or Adams.

**RESPONSE:**

**REQUEST NO. 21:**

All documents relating to, bearing upon, or evidencing any travel by Bestreich and Adams for or on behalf of BHSG or to meet with BHSG employees or representatives between January 1, 2018 to the present.

**RESPONSE:**

**REQUEST NO. 22:**

All documents relating to, bearing upon, or evidencing any expenses for which BHSG has reimbursed Bestreich and/or Adams.

**RESPONSE:**

**REQUEST NO. 23:**

All documents relating to, bearing upon, or evidencing any information provided by Bestreich or Adams to BHSG regarding Randstad.

**RESPONSE:**

**REQUEST NO. 24:**

Documents sufficient to show Beacon Hill's organizational and corporate structure, including its members.

**RESPONSE:**

**REQUEST NO. 25:**

All documents relating to, bearing upon, or evidencing any communications (oral or in writing) between BHSG and Bestreich and/or Adams from January 1, 2018 to the present concerning the allegations in the Complaint.

**RESPONSE:**

**REQUEST NO. 26:**

Bestreich's and Adams's personnel files and any other personnel records, including, but not limited to IRS Forms W-2 and 1099, new hire documentation, travel reimbursement documentation and relocation documentation.

**RESPONSE:**

**REQUEST NO. 27:**

All documents created or modified since January 1, 2009 relating to BHSG's budget or forecasting for trade secrets or restrictive covenants litigation.

**RESPONSE:**

**REQUEST NO. 28:**

Documents sufficient to determine BHSG's expenses related to trade secrets and/or restrictive covenants litigation for the last five years. A yearly or month-by-month summary is sufficient to satisfy this request.

**RESPONSE:**


**REQUEST NO. 29:**

All internal strategy documents since January 1, 2009 that relate to Randstad as a competitor or source of employees.

**RESPONSE:**


**REQUE ST NO. 30:**

All internal strategy documents since January 1, 2009 that relate to or discuss BHSG's lateral hiring strategy, trade secrets, or restrictive covenants.

**RESPONSE:**


**REQUEST NO. 31:**

All documents relating to any placement by Bestreich or Adams, or in which one or both were involved, including documents relating to any credit or compensation received from such services.

**RESPONSE:**

-12-

**REQUEST NO. 32:**

All documents since January 1, 2009 where BHSG instructed a person to conceal and/or not to disclose the person's affiliation or future affiliation with BHSG, such as instructing the person to not update their LinkedIn profile or to not disclose that the person is or will be employed by BHSG.

**RESPONSE:**

**REQUEST NO. 33:**

All documents relating to BHSG's hiring of the individuals listed in Paragraph No. 83 of Randstad's Complaint.

**RESPONSE:**

**REQUEST NO. 34:**

All non-privileged documents that BHSG or any co-defendant produced in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against BHSG since January 1, 2009, including, without limitation, in the lawsuits identified in Paragraph Nos. 66 to 80 of Randstad's Complaint.

**RESPONSE:**

**REQUEST NO. 35:**

All interrogatory answers provided by BHSG in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against

BHSG since January 1, 2009, including, without limitation, in the lawsuits identified in Paragraph Nos. 66 to 80 of Randstad's Complaint.

**RESPONSE:**

**REQUEST NO. 36:**

All depositions of BHSG employees or corporate representatives in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against BHSG since January 1, 2009, including, without limitation, in the lawsuits identified in Paragraph Nos. 66 to 80 of Randstad's Complaint.

**RESPONSE:**

**REQUEST NO. 37:**

All settlement agreements in any litigation where a party asserted a claim for tortious interference with a contract or misappropriation of trade secrets against BHSG since January 1, 2009, including, without limitation, in the lawsuits identified in Paragraph Nos. 66 to 80 of Randstad's Complaint.

**RESPONSE:**

**REQUEST NO. 38:**

All documents containing advice regarding the enforceability of restrictive covenants that were sent to someone, including via email and cc'd email, other than a current BHSG employee or BHSG's outside counsel.

-14-

**RESPONSE:**

**REQUEST NO. 39:**

All documents where the parties to the communication include BHSG, Bestreich, and any attorney from either Eckert Seamans Cherin & Mellott, LLC or Berman Fink Van Horn P.C. This request is limited to documents sent or received on or before June 31, 2018.

**RESPONSE:**

**REQUEST NO. 40:**

All documents where the parties to the communication include BHSG, Adams, and any attorney from either Eckert Seamans Cherin & Mellott, LLC or Berman Fink Van Horn P.C. This request is limited to documents sent or received on or October 31, 2018.

**RESPONSE:**

**REQUEST NO. 41:**

All documents relating to a decision by BHSG to permit or encourage an employee violate a restrictive covenant agreement with the employee's former employer.

**RESPONSE:**

**REQUEST NO. 42:**

All documents from any Randstad email account to Bestreich's BHSG email account.

**RESPONSE:**

**REQUEST NO. 43:**

All documents from any Randstad email account to Adams's BHSG email account.

**RESPONSE:**


**REQUEST NO. 44:**

A copy of any restrictive covenant agreement that BHSG required any employees to sign as a condition of employment.

**RESPONSE:**


**REQUEST NO. 45:**

A copy of BHSG's balance sheet, profit and loss statement, or similar aggregation of financial information from January 1, 2012 to the present.

**RESPONSE:**


**REQUEST NO. 46:**

Any and all documents relating to your Answers to Randstad's First Set of Interrogatories.

**RESPONSE:**


**REQUEST NO. 47:**

Any and all documents that BHSG intends to use or to prepare for any deposition, hearing, or trial, excluding privileged communications and work product.

**RESPONSE:**

**REQUEST NO. 48:**

 All documents relating to any expert testimony that BHSG intends to offer in connection with this matter.

**RESPONSE:**

        *//Robert C. Stevens*
        Robert C. Stevens (Georgia Bar No. 680142)
        bstevens@seyfarth.com
        Alex Meier (Georgia Bar No. 282350)
        ameier@seyfarth.com
        SEYFARTH SHAW LLP
        1075 Peachtree Street, N.E.
        Suite 2500
        Atlanta, Georgia 30309-3962
        Telephone: (404) 885-1500
        Facsimile: (404) 892-7056

        Erik W. Weibust (*pro hac vice* motion to be filed)
        eweibust@seyfarth.com
        SEYFARTH SHAW LLP
        Two Seaport Lane, Suite 300
        Boston, Massachusetts 02210
        Telephone: (617) 946-4800
        Facsimile: (617) 946-4801

        *Counsel for Plaintiff Randstad General Partner (US), LLC*

Dated: May 9, 2019

-17-

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
US, LLC,

          Plaintiff,

v.

BEACON HILL STAFFING
GROUP, LLC, SHAWNA
BESTREICH, and ERIK ADAMS,

          Defendants.

Civil Action No.:

1:19-CV-01655-ODE

### CERTIFICATE OF SERVICE

I certify that on May 9, 2019, the foregoing was served via e-mail and U.S. Mail to

the following attorneys of record:

> Benjamin I. Fink
> Lea C. Dearing
> BERMAN FINK VAN HORN P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

          By:  */s/ Robert C. Stevens*
                 Robert C. Stevens

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
(US), LLC,

        Plaintiff,

    v.

BEACON HILL STAFFING GROUP,
LLC, SHAWNA BESTREICH, and
ERIK ADAMS,

        Defendants.

Civil Action No.
1:19-cv-01655-ODE

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO
## DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to

Rule 36 of the Federal Rules of Civil Procedure, submits the following requests for

admission to Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") and

request that Beacon Hill answer , in writing the following requests for admission

within thirty days.

## INSTRUCTIONS

1.    Beacon Hill is instructed that each of the statements it is requested to

admit will be deemed to have been admitted unless, within thirty (30) days after

service of this request, Beacon Hill serves upon Randstad either (1) a statement

denying specifically the matters they are requested to admit or setting forth in

detail the reasons why they cannot truthfully admit or deny those matters or (2)

written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part.

2.      If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that Beacon Hill deny only a part, or requires qualification of a matter they are requested to admit, Beacon Hill shall specify so much of it as is true and deny only the remainder.

3.      Without being requested to do so by Randstad, Beacon Hill must promptly amend any answer when it is discovered to have been incorrect when made, or it is discovered to be no longer true and circumstances are such that a failure to amend is in substance a knowing concealment. In addition, Beacon Hill must promptly supplement any answer in the event that, prior to final disposition of this action, additional information comes to the attention of, or becomes available to Beacon Hill, Beacon Hill's attorneys, consultants, representatives, agents or any other person acting on behalf of Beacon Hill.

## DEFINITIONS

A.      Randstad incorporates by reference the definitions and instructions from its First Set of Requests for Production.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that you received a letter from Randstad regarding Carla Andrea's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 2:**

Admit that Andy Wang received a letter from Randstad regarding Carla Andrea's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 3:**

Admit that the letter from Randstad regarding Carla Andrea's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

3

**REQUEST NO. 4:**

Admit that you received a letter from Randstad regarding Ashley Asquith's

restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 5:**

Admit that Andy Wang received a letter from Randstad regarding Ashley

Asquith's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 6:**

Admit that the letter from Randstad regarding Ashley Asquith's restrictive

covenant obligations contained a copy of her restrictive covenant agreement with

Randstad.

**RESPONSE:**

**REQUEST NO. 7:**

Admit that you received a letter from Randstad regarding Shawna

Bestreich's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 8:**

Admit that Andy Wang received a letter from Randstad regarding Shawna Bestreich's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 9:**

Admit that the letter from Randstad regarding Shawna Bestreich's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 10:**

Admit that, on or before June 18, 2018, you were aware that Shawna Bestreich's restrictive covenant agreement with Randstad contained a Georgia forum-selection clause.

**RESPONSE:**

**REQUEST NO. 11:**

Admit that, on or before July 30, 2018, you were aware that Shawna Bestreich's restrictive covenant agreement with Randstad contained a Georgia forum-selection clause.

**RESPONSE:**


**REQUEST NO. 12:**

Admit that, on or before March 11, 2019, you were aware that Shawna Bestreich's restrictive covenant agreement with Randstad contained a Georgia forum-selection clause.

**RESPONSE:**


**REQUEST NO. 13:**

Admit that the letter from Randstad regarding Shawna Bestreich's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 14:**

Admit that you received a letter from Randstad regarding Matthew Burke's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 15:**

Admit that Andy Wang received a letter from Randstad regarding Matthew Burke's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 16:**

Admit that the letter from Randstad regarding Matthew Burke's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 17:**

Admit that you received a letter from Randstad regarding Theo Carmone's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 18:**

Admit that Andy Wang received a letter from Randstad regarding Theo

Carmone's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 19:**

Admit that the letter from Randstad regarding Theo Carmone's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**

**REQUEST NO. 20:**

Admit that you received a letter from Randstad regarding John D'Agostino's

restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 21:**

Admit that Andy Wang received a letter from Randstad regarding John

D'Agostino's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 22:**

Admit that the letter from Randstad regarding John D'Agostino's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 23:**

Admit that you received a letter from Randstad regarding Edward Darisse's

restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 24:**

Admit that Andy Wang received a letter from Randstad regarding Edward

Darisse's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 25:**

Admit that the letter from Randstad regarding Edward Darisse's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 26:**

Admit that you received a letter from Randstad regarding Angela DiPaul's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 27:**

Admit that Andy Wang received a letter from Randstad regarding Angela DiPaul's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 28:**

Admit that the letter from Randstad regarding Angela DiPaul's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 29:**

Admit that you received a letter from Randstad regarding Christina Ethridge's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 30:**

Admit that Andy Wang received a letter from Randstad regarding Christina Ethridge's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 31:**

Admit that the letter from Randstad regarding Christina Ethridge's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 32:**

Admit that you received a letter from Randstad regarding Brendan Farrand's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 33:**

Admit that Andy Wang received a letter from Randstad regarding Brendan Farrand's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 34:**

Admit that the letter from Randstad regarding Brendan Farrand's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 35:**

Admit that you received a letter from Randstad regarding Amanda Gaughan's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 36:**

Admit that Andy Wang received a letter from Randstad regarding Amanda Gaughan's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 37:**

Admit that the letter from Randstad regarding Amanda Gaughan's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 38:**

Admit that you received a letter from Randstad regarding Kurren Gill's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 39:**

Admit that Andy Wang received a letter from Randstad regarding Kurren

Gill's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 40:**

Admit that the letter from Randstad regarding Kurren Gill's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 41:**

Admit that you received a letter from Randstad regarding Reed Goodman's

restrictive covenant obligations to Randstad.

**RESPONSE:**


14

**REQUEST NO. 42:**

Admit that Andy Wang received a letter from Randstad regarding Reed Goodman's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 43:**

Admit that the letter from Randstad regarding Reed Goodman's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 44:**

Admit that you received a letter from Randstad regarding Jessica Hamelin's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 45:**

Admit that Andy Wang received a letter from Randstad regarding Jessica Hamelin's restrictive covenant obligations to Randstad.

15

**RESPONSE:**

**REQUEST NO. 46:**

Admit that the letter from Randstad regarding Jessica Hamelin's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 47:**

Admit that you received a letter from Randstad regarding Shakira Irizarry's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 48:**

Admit that Andy Wang received a letter from Randstad regarding Shakira Irizarry's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 49:**

Admit that the letter from Randstad regarding Shakira Irizarry's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 50:**

Admit that you received a letter from Randstad regarding Sherick Jansen's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 51:**

Admit that Andy Wang received a letter from Randstad regarding Sherick Jansen's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 52:**

Admit that the letter from Randstad regarding Sherick Jansen's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 53:**

Admit that you received a letter from Randstad regarding Kathleen Keliher's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 54:**

Admit that Andy Wang received a letter from Randstad regarding Kathleen Keliher's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 55:**

Admit that the letter from Randstad regarding Kathleen Keliher's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

18

**REQUEST NO. 56:**

Admit that you received a letter from Randstad regarding Trish Kellogg's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 57:**

Admit that Andy Wang received a letter from Randstad regarding Trish Kellogg's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 58:**

Admit that the letter from Randstad regarding Trish Kellogg's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 59:**

Admit that you received a letter from Randstad regarding Kathryn Kohl's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 60:**

Admit that Andy Wang received a letter from Randstad regarding Kathryn Kohl's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 61:**

Admit that the letter from Randstad regarding Kathryn Kohl's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 62:**

Admit that you received a letter from Randstad regarding Sean Laubert's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 63:**

Admit that Andy Wang received a letter from Randstad regarding Sean Laubert's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 64:**

Admit that the letter from Randstad regarding Sean Laubert's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 65:**

Admit that you received a letter from Randstad regarding Kim Leckenby's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 66:**

Admit that Andy Wang received a letter from Randstad regarding Kim Leckenby's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 67:**

Admit that the letter from Randstad regarding Kim Leckenby's restrictive

covenant obligations contained a copy of her restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 68:**

Admit that you received a letter from Randstad regarding Joseph Lucchese's

restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 69:**

Admit that Andy Wang received a letter from Randstad regarding Joseph

Lucchese's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 70:**

Admit that the letter from Randstad regarding Joseph Lucchese's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 71:**

Admit that you received a letter from Randstad regarding Jarrod Marshall's

restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 72:**

Admit that Andy Wang received a letter from Randstad regarding Jarrod

Marshall's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 73:**

Admit that the letter from Randstad regarding Jarrod Marshall's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**

**REQUEST NO. 74:**

Admit that you received a letter from Randstad regarding Karina Montero (Parker)'s restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 75:**

Admit that Andy Wang received a letter from Randstad regarding Karina Montero (Parker)'s restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 76:**

Admit that the letter from Randstad regarding Karina Montero (Parker)'s restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 77:**

Admit that you received a letter from Randstad regarding Ashlie Moseley's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 78:**

Admit that Andy Wang received a letter from Randstad regarding Ashlie Moseley's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 79:**

Admit that the letter from Randstad regarding Ashlie Mosely's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 80:**

Admit that you received a letter from Randstad regarding Stephen Morrison's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 81:**

Admit that Andy Wang received a letter from Randstad regarding Stephen Morrison's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 82:**

Admit that the letter from Randstad regarding Stephen Morrison's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 83:**

Admit that you received a letter from Randstad regarding Matthew O'Neil's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 84:**

Admit that Andy Wang received a letter from Randstad regarding Matthew O'Neil's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 85:**

Admit that the letter from Randstad regarding Matthew O'Neil's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 86:**

Admit that you received a letter from Randstad regarding Jillian O'Neill's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 87:**

Admit that Andy Wang received a letter from Randstad regarding Jillian O'Neill's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 88:**

Admit that the letter from Randstad regarding Jillian O'Neill's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 89:**

Admit that you received a letter from Randstad regarding Maricela Ostrand's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 90:**

Admit that Andy Wang received a letter from Randstad regarding Maricela Ostrand's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 91:**

Admit that the letter from Randstad regarding Maricela Ostrand's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 92:**

Admit that you received a letter from Randstad regarding Brad Ottoson's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 93:**

Admit that Andy Wang received a letter from Randstad regarding Brad Ottoson's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 94:**

Admit that the letter from Randstad regarding Brad Ottoson's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 95:**

Admit that you received a letter from Randstad regarding Antoinette Panza's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 96:**

Admit that Andy Wang received a letter from Randstad regarding Antoinette Panza's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 97:**

Admit that the letter from Randstad regarding Antoinette Panza's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 98:**

Admit that you received a letter from Randstad regarding Lindsey Paskvan's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 99:**

Admit that Andy Wang received a letter from Randstad regarding Lindsey Paskvan's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 100:**

Admit that the letter from Randstad regarding Lindsey Paskvan's restrictive covenant obligations contained a copy of her restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 101:**

Admit that you received a letter from Randstad regarding Todal Patel's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 102:**

Admit that Andy Wang received a letter from Randstad regarding Todal

Patel's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 103:**

Admit that the letter from Randstad regarding Todal Patel's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 104:**

Admit that you received a letter from Randstad regarding Ryan Pirnat's

restrictive covenant obligations to Randstad.

**RESPONSE:**


32

**REQUEST NO. 105:**

Admit that Andy Wang received a letter from Randstad regarding Ryan

Pirnat's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 106:**

Admit that the letter from Randstad regarding Ryan Pirnat's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 107:**

Admit that you received a letter from Randstad regarding Travis Reding's

restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 108:**

Admit that Andy Wang received a letter from Randstad regarding Travis

Reding's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 109:**

Admit that the letter from Randstad regarding Travis Reding's restrictive

covenant obligations contained a copy of his restrictive covenant agreement with

Randstad.

**RESPONSE:**


**REQUEST NO. 110:**

Admit that you received a letter from Randstad regarding Karen (Karina)

Rigano's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 111:**

Admit that Andy Wang received a letter from Randstad regarding Karen

(Karina) Rigano's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 112:**

Admit that the letter from Randstad regarding Karen (Karina) Rigano's

restrictive covenant obligations contained a copy of her restrictive covenant

agreement with Randstad.

**RESPONSE:**


**REQUEST NO. 113:**

Admit that you received a letter from Randstad regarding Aprajita

Srivastava's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 114:**

Admit that Andy Wang received a letter from Randstad regarding Aprajita

Srivastava's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 115:**

Admit that the letter from Randstad regarding Aprajita Srivastava's

restrictive covenant obligations contained a copy of her restrictive covenant

agreement with Randstad.

35

**RESPONSE:**

**REQUEST NO. 116:**

Admit that you received a letter from Randstad regarding Mark Todd's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 117:**

Admit that Andy Wang received a letter from Randstad regarding Mark Todd's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 118:**

Admit that the letter from Randstad regarding Mark Todd's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 119:**

Admit that you received a letter from Randstad regarding Bailey (Giacci)

Ulrich's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 120:**

Admit that Andy Wang received a letter from Randstad regarding Bailey

(Giacci) Ulrich's restrictive covenant obligations to Randstad.

**RESPONSE:**

**REQUEST NO. 121:**

Admit that the letter from Randstad regarding Bailey (Giacci) Ulrich's

restrictive covenant obligations contained a copy of her restrictive covenant

agreement with Randstad.

**RESPONSE:**

**REQUEST NO. 122:**

Admit that you received a letter from Randstad regarding John Williams's

restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 123:**

Admit that Andy Wang received a letter from Randstad regarding John Williams's restrictive covenant obligations to Randstad.

**RESPONSE:**


**REQUEST NO. 124:**

Admit that the letter from Randstad regarding John Williams's restrictive covenant obligations contained a copy of his restrictive covenant agreement with Randstad.

**RESPONSE:**

*s/Robert C. Stevens*
Robert C. Stevens
Georgia Bar No. 680142
bstevens@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (admitted *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General Partner (US), LLC*

Dated:  November 22, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
(US), LLC,

          Plaintiff,

    v.

BEACON HILL STAFFING GROUP,
LLC, SHAWNA BESTREICH, and
ERIK ADAMS,

          Defendants.

Civil Action No.
1:19-cv-01655-ODE

## CERTIFICATE OF SERVICE

I certify that on November 22, 2019, the foregoing was served via e-mail to

the following attorneys of record:

> Benjamin I. Fink
> Lea C. Dearing
> BERMAN FINK VAN HORN P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

        By:  */s/ Alex Meier*
              Alex Meier

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES
## TO DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following interrogatories to Beacon Hill Staffing Group, LLC ("Beacon Hill") and requests that they be answered separately, fully, and under oath, and be delivered to Seyfarth Shaw LLP, 1075 Peachtree Street, Suite 2500, Atlanta, Georgia 30309-3962.

## DEFINITIONS AND INSTRUCTIONS

A.   Randstad incorporates by reference the definitions and instructions from its First Set of Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please describe in detail when and how you first became aware that Bestreich and Adams had restrictive covenant agreements with Randstad.

**ANSWER:**


### INTERROGATORY NO. 2:

Please describe in detail any restrictions, if any, you imposed on Bestreich and/or Adams because of her/his restrictive covenant agreement with Randstad.

**ANSWER:**


### INTERROGATORY NO. 3:

Identify every agreement that you entered into as the result of actual or potential litigation that included a no-hire provision, employee non-solicitation provision, or similar provision restricting your ability to hire or solicit for hire the employees of another staffing company.

**ANSWER:**

**INTERROGATORY NO. 4:**

To the extent not otherwise produced, identify all cease and desist letters you received from Randstad since January 1, 2014.

**ANSWER:**

*s/ Robert C. Stevens*
Robert C. Stevens
Georgia Bar No. 680142
bstevens@seyfarth.com
Alex Meier
Ga. Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (admitted *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General Partner (US), LLC*

Dated:  November 22, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
(US), LLC,

        Plaintiff,

    v.

BEACON HILL STAFFING GROUP,
LLC, SHAWNA BESTREICH, and
ERIK ADAMS,

        Defendants.

Civil Action No.
1:19-cv-01655-ODE

## CERTIFICATE OF SERVICE

I certify that on November 22, 2019, the foregoing was served via e-mail to

the following counsel of record:

> Benjamin I. Fink
> Lea C. Dearing
> BERMAN FINK VAN HORN P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

By:  */s/ Alex Meier*
      Alex Meier

60336754v.1

-4-

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits the following requests for production to Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") and requests that Beacon Hill produce the following documents, along with complete written responses to the Requests below, to Seyfarth Shaw LLP, 1075 Peachtree Street, Suite 2500, Atlanta, Georgia 30309-3962.

## DEFINITIONS AND INSTRUCTIONS

A.     Randstad incorporates by reference the definitions and instructions from its First Set of Requests for Production.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All cease and desist letters sent by or on behalf of Randstad to you or a former Randstad employee you hired since January 1, 2014.

**RESPONSE:**

**REQUEST NO. 2:**

All copies of Randstad agreement containing restrictive covenants in your possession, custody, or control.

**RESPONSE:**

**REQUEST NO. 3:**

All documents and communications received by Andy Wang regarding his and/or Beacon Hill's receipt of any cease and desist letter sent by or on behalf of Randstad since January 1, 2014.

**RESPONSE:**

**REQUEST NO. 4:**

All documents and communications regarding Beacon Hill's receipt of any cease and desist letter sent by or on behalf of Randstad since January 1, 2014.

**RESPONSE:**

**REQUEST NO. 5:**

All documents and communications sent or received since January 1, 2014 where Steven Drooker, Andy Wang, Charlie Cain, and/or the individual(s) with settlement authority in any lawsuit filed against Beacon Hill for restrictive covenant violations describe or discuss Beacon Hill's and/or his or her position or beliefs about covenants restricting competition or solicitation.

**RESPONSE:**

**REQUEST NO. 6:**

All documents and communications regarding Beacon Hill's acceptance and/or implementation of any no-hire or employee non-solicitation provision in a settlement agreement or other agreement ancillary to the resolution of actual or potential litigation.  This request is limited to no-hire agreements implemented on or after January 1, 2010.

**RESPONSE:**

s/Robert C. Stevens

Robert C. Stevens
Georgia Bar No. 680142
bstevens@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (admitted *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General Partner (US), LLC*

Dated:  November 22, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC, <br><br> Plaintiff, <br><br> v. <br><br> BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, <br><br> Defendants. | Civil Action No. <br> 1:19-cv-01655-ODE |

## CERTIFICATE OF SERVICE

I certify that on November 22, 2019, the foregoing was served via e-mail to

the following attorneys of record:

> Benjamin I. Fink
> Lea C. Dearing
> BERMAN FINK VAN HORN P.C.
> 3475 Piedmont Road, N.E.
> Suite 1100
> Atlanta, Georgia 30305

By:  */s/ Alex Meier*
Alex Meier

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC, | |
| Plaintiff, | |
| v. | Civil Action No.<br>1:19-cv-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO
## DEFENDANT BEACON HILL STAFFING GROUP, LLC

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to

Rule 36 of the Federal Rules of Civil Procedure, submits the following requests for

admission to Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") and

request that Beacon Hill answer , in writing the following requests for admission

within thirty days.

## INSTRUCTIONS

1.      Beacon Hill is instructed that each of the statements it is requested to

admit will be deemed to have been admitted unless, within thirty (30) days after

service of this request, Beacon Hill serves upon Randstad either (1) a statement

denying specifically the matters they are requested to admit or setting forth in

detail the reasons why they cannot truthfully admit or deny those matters or (2)

written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part.

2.      If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that Beacon Hill deny only a part, or requires qualification of a matter they are requested to admit, Beacon Hill shall specify so much of it as is true and deny only the remainder.

3.      Without being requested to do so by Randstad, Beacon Hill must promptly amend any answer when it is discovered to have been incorrect when made, or it is discovered to be no longer true and circumstances are such that a failure to amend is in substance a knowing concealment. In addition, Beacon Hill must promptly supplement any answer in the event that, prior to final disposition of this action, additional information comes to the attention of, or becomes available to Beacon Hill, Beacon Hill's attorneys, consultants, representatives, agents or any other person acting on behalf of Beacon Hill.

## **DEFINITIONS**

A.      Randstad incorporates by reference the definitions and instructions from its First Set of Requests for Production.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that you do not have a written policy or procedure to screen new hires for restrictive covenant agreements with prior employers.

**RESPONSE:**


**REQUEST NO. 2:**

Admit that you do not have any policy or procedure to screen new hires for restrictive covenant agreements with prior employers.

**RESPONSE:**


**REQUEST NO. 3:**

Admit that you have a formal or informal policy or procedure to not screen new hires for restrictive covenant agreements with prior employers.

**RESPONSE:**

3

**REQUEST NO. 4:**

Admit that you do not want to know whether a prospective employee has any restrictive covenants at the time you extend an offer of employment to the prospective employee.

**RESPONSE:**

**REQUEST NO. 5:**

Admit that you do not know whether a prospective employee has any restrictive covenants at the time you extend an offer of employment to the prospective employee.

**RESPONSE:**

**REQUEST NO. 6:**

Admit that Charlie Cain has never asked a prospective employee whether the prospective employee has a restrictive covenant agreement with a prior employer before extending an offer to such prospective employee.

**RESPONSE:**

4

**REQUEST NO. 7:**

Admit that it would be feasible for you to ask prospective hires whether they had any restrictive covenant agreement with a prior employer that might affect their ability to perform their jobs.

**RESPONSE:**


**REQUEST NO. 8:**

Admit that it would be feasible for you to ask new hires whether they had any restrictive covenant agreement with a prior employer that might affect their ability to perform their jobs.

**RESPONSE:**


**REQUEST NO. 9:**

Admit that, at some point during your operations, you implemented a process to avoid hiring employees from one or more competitors.

**RESPONSE:**

*/s/ Alex Meier*
Robert C. Stevens
Georgia Bar No. 680142
bstevens@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (admitted *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General
Partner (US), LLC*

Dated:  December 13, 2019

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RANDSTAD GENERAL PARTNER
(US), LLC,

        Plaintiff,

    v.

BEACON HILL STAFFING GROUP,
LLC, SHAWNA BESTREICH, and
ERIK ADAMS,

        Defendants.

Civil Action No.
1:19-cv-01655-ODE

## CERTIFICATE OF SERVICE

I certify that on December 13, 2019, the foregoing was served via e-mail to

the following attorneys of record:

        Benjamin I. Fink
        Lea C. Dearing
        BERMAN FINK VAN HORN P.C.
        3475 Piedmont Road, N.E.
        Suite 1100
        Atlanta, Georgia 30305

        By:  */s/ Alex Meier*
             Alex Meier

7

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDSTAD GENERAL PARTNER
(US), LLC,

          Plaintiff,

    v.

BEACON HILL STAFFING GROUP,
LLC, SHAWNA BESTREICH, and
ERIK ADAMS,

          Defendants.

Civil Action No.
1:19-cv-01655-ODE

## PLAINTIFF'S REVISED NOTICE OF DEPOSITION OF
## BEACON HILL STAFFING GROUP, LLC

To:    Beacon Hill Staffing Group, LLC
       c/o Benjamin I. Fink and Lea C. Dearing
       BERMAN FINK VAN HORN P.C.
       3475 Piedmont Road, N.E.
       Suite 1100
       Atlanta, Georgia 30305

PLEASE TAKE NOTICE that Plaintiff Randstad General Partner (US),

LLC, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure,

will take the deposition of Defendant Beacon Hill Staffing Group, LLC's ("Beacon

Hill") corporate representative with regard to the matters identified in **Exhibit A**

on Wednesday, January 8, 2019, beginning at 9:00 a.m.  The deposition will be

held at the law office of Seyfarth Shaw LLP, Seaport East, Suite 300, Two Seaport

Lane, Boston, MA 02210.  The deposition will continue until completed, subject to

the limitations prescribed by the Federal Rules of Civil Procedure and such

adjournment as may be agreed upon by the parties.  This deposition will be taken

by stenographic means before a notary public or other official authorized by law to

administer oaths.

*s/ Robert C. Stevens*
Robert C. Stevens
Georgia Bar No. 680142
bstevens@seyfarth.com
Alex Meier
Ga. Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (admitted *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad General
Partner (US), LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-01655-ODE |
| BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 9, 2019, the foregoing was served via e-mail to the

following counsel of record:

        Benjamin I. Fink
        Lea C. Dearing
        BERMAN FINK VAN HORN P.C.
        3475 Piedmont Road, N.E.
        Suite 1100
        Atlanta, Georgia 30305


        By:   */s/ Alex Meier*           
            Alex Meier

-3-

## Exhibit A

1.      Beacon Hill's organizational structure, operating divisions, and members.

2.      The citizenship of Beacon Hill's members.

3.      Beacon Hill's hiring strategy and practices, including Beacon Hill's pre-hiring review of other companies' restrictive covenant agreements and measures implemented to comply with other companies' restrictive covenants, as well as any changes to such review or screening measures that Beacon Hill has implemented since January 1, 2010.

4.      Andy Wang's involvement in Beacon Hill's hiring of employees from staffing firms, including Randstad.

5.      Beacon Hill's implementation of any no-hire or non-solicitation agreement entered into as the result of actual or potential litigation since January 1, 2010, the steps it took to comply with any such agreement(s), whether any violations of such agreement(s) occurred, and any change in practice after the expiration of any such agreement(s).

6.      The opinions, philosophies, or beliefs of Beacon Hill and/or its executive team regarding non-competes and non-solicit agreements.

7.      Beacon Hill's budget and forecasting for restrictive covenant litigation since 2010, including, but not limited to, Beacon Hill's involvement in restrictive covenant litigation, its incurred expenses, and the terms and conditions of any settlements.

8.      Beacon Hill's litigation with Aerotek, Robert Half International, Insight Global, and Randstad, including the terms and conditions of the resolution/settlement of any such litigation.

9.      The number and identity of all Randstad employees who Beacon Hill hired within twelve (12) months after leaving Randstad, including whether Beacon Hill inquired or became aware of any restrictive covenant agreement relating to the former Randstad employees.

10.    The facts and circumstances resulting in the hiring and employment of the employees identified in Paragraph 83 of Randstad's Complaint and in Randstad's Requests for Admission.

11.    The facts and circumstances regarding when Beacon Hill became aware of Bestrich's and Adams's restrictive covenant agreements with Randstad.

12.    Beacon Hill's receipt of cease and desist letters from Randstad.

13.    Beacon Hill's knowledge of Randstad's use and enforcement of restrictive covenant agreements.

14.    Bestreich's and Adams's job duties and activities on behalf on Beacon Hill.

15.    Sales and profits generated by Bestreich or Adams on behalf of Beacon Hill.

16.    Bestreich's and Adams's expense reports.

17.    The facts and circumstances relating to Beacon Hill's hiring of Bestreich, Adams, and Mooney.

18.    Bestreich's interactions with customers that she had material contact with at Randstad and which she subsequently had contact with at Beacon Hill, including the customers relating to any customer identified in response to Interrogatory No. 9 to Beacon Hill or to any document produced in response to RFP No. 31 to Beacon Hill.

19.    Bestreich's interactions with talent that she had material contact with at Randstad and which she subsequently had contact with at Beacon Hill.

20.    Adams's interactions with customers that he had material contact with at Randstad and which he subsequently had contact with at Beacon Hill, including the customers relating to any customer identified in response to Interrogatory No. 9 to Beacon Hill or to any document produced in response to RFP No. 31 to Beacon Hill.

21.    Adams's interactions with talent that he had material contact with at Randstad and which he subsequently had contact with at Beacon Hill.

22.    Any modifications to Bestreich's job duties as a result of her restrictive covenant agreement with Randstad.

23.     Any modifications to Adams's job duties as a result of his restrictive covenant agreement with Randstad.

24.     The types and categories of information that Beacon Hill contends constitutes confidential information and/or trade secrets.

25.     Beacon Hill's policies regarding its confidential, proprietary, and/or trade secret information.

26.     Beacon Hill's restrictive covenant agreements in use since 2010 and any changes to Beacon Hill's policies regarding the execution of restrictive covenant agreements as a condition of employment since 2010.

27.     Beacon Hill's marketing practices and its treatment of customer identity and talent identity as confidential and/or as a trade secret.

28.     Beacon Hill's answers to the allegations in Randstad's Complaint.

29.     Beacon Hill's affirmative defenses.

30.     Beacon Hill's responses to Randstad's requests for production.

31.     Beacon Hill's answers to Randstad's interrogatories.

32.     Beacon Hill's responses to Randstad's requests for admission.

33.     Beacon Hill's financial performance and growth in the Dallas, Texas market.

# EXHIBIT H

To Be Filed Under Seal

# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RANDSTAD GENERAL PARTNER )
(US), LLC                 )
                          )          CIVIL ACTION FILE NO:
    Plaintiff,           )          1:19-CV-01655-ODE
                          )
                          )
v.                        )
                          )
BEACON HILL STAFFING GROUP )
LLC, SHAWNA BESTREICH and  )
ERIK ADAMS,               )
                          )
    Defendants.          )
_____    )

## DECLARATION OF CHARLES J. CAIN

1.

My name is Charles J. Cain.  I am a resident of the Commonwealth of Massachusetts.  I voluntarily and freely make this Declaration on my own personal knowledge for use as evidence in the above-styled matter, and for any and all other uses and purposes authorized by law. I am over eighteen years of age, am suffering from no legal disability, and am competent and authorized to make this Declaration and to testify to the statements herein.

1

2.

I am a Managing Director and Executive Vice President of the Beacon Hill Associates division for Beacon Hill Staffing Group LLC ("Beacon Hill"). I am also a member of the Beacon Hill Executive Committee.

3.

In my role as Managing Director for Beacon Hill, I am familiar with Beacon Hill's organizational structure, and through my personal knowledge and involvement I am familiar with this litigation. I have also reviewed corporate information and records to support some of the figures in this declaration.

4.

Beacon Hill is a Massachusetts limited liability company organized and existing under the laws of Massachusetts.

5.

There are currently 861 internal Beacon Hill employees.

6.

Beacon Hill does not keep track of or record where its employees previously worked. There are no files, spreadsheets or other compilations of information at Beacon Hill that record this type of data. I am unaware of any way Beacon Hill could determine how many of its employees previously worked for Randstad, or its

2

affiliates, other than interviewing all 861 employees or running LinkedIn searches which may return incomplete or inaccurate results. This would be a time-consuming process for which Beacon Hill would either need to employ hourly attorneys or retain additional employees to conduct such an investigation.

7.

I am also unaware of any way Beacon Hill could identify individuals that are no longer employed by Beacon Hill, but who were previously, and who also previously worked for Randstad and its affiliates other than through imprecise LinkedIn searches. Beacon Hill does not track or store this information. The LinkedIn information is publicly available though so that would be equally available to Randstad to search.

8.

Randstad has sought discovery related to Beacon Hill hires made as early as 2008 and in states other than Texas. Those hires include: Travis Reding (2008-GA); Jessica Hamelin (2008-GA); Carla Andrea (2010-CA); Kathryn Kohl (2010-FL); Kim Leckenby (2010-PA); Maricela Ostrand (2014-IL); Ryan Pirnat (2014-IL); Ashley Asquith (2015-MA), among others. These names are listed in the First Set of Request for Admissions recently served by Plaintiff. The Request is attached as Exhibit C to the Motion for Protective Order.

3

9.

There are eight distinct national divisions of Beacon Hill, which are as follows: (1) Beacon Hill Associates a/k/a the Admin Division; (2) Beacon Hill Financial; (3) Beacon Hill Government Services; (4) Beacon Hill HR; (5) Beacon Hill Legal; (6) Beacon Hill Pharma; (7) Beacon Hill Solutions; and (8) Beacon Hill Technologies.

10.

Each national division has its own distinct leadership, including a Managing Director who oversees each division.

11.

Each national division offers its own direct hire and temporary or contract staffing services to its relevant market.

12.

Each division chooses which markets to enter as well as the timing to do so, which individuals to hire, what criteria on which to base those hires, and its own compensation and bonus rates.

13.

I make decisions regarding the Admin Division independent from Beacon Hill's other divisions and Managing Directors.

14.

I do not coordinate with other Managing Directors on the criteria used to identify and select individuals to join the Admin Division.  I do sometimes invite leadership from other divisions to interview candidates so that the candidate is able to see a broader cross-section of the company when evaluating if we will be a good fit for his or her career goals.

15.

Managing Directors and other leadership, including other Directors, for each national division are compensated according to the performance of that particular division rather than Beacon Hill's performance as a whole.

16.

As Managing Director of the Admin Division, I am ultimately responsible for the hiring within the Division and I give the direction to the internal recruiters with respect to what characteristics and qualities to look for in potential candidates.

17.

For example, in 2018, I gave a general list of qualities of candidates and potential markets of interest, including Dallas to an internal recruiter, who then provided me with Ms. Bestreich as a potential candidate for the Dallas office.

18.

As Managing Director of the Admin Division, I am ultimately responsible for the profits and losses of the division, which are measured independently of the other divisions at Beacon Hill.

19.

For example, the Admin Division is independently bearing the cost of this litigation as the lawsuit relates to my hiring of Ms. Bestreich and Mr. Adams for the Admin Division's Dallas office.

20.

Beacon Hill does not own its employees' cell phones. Also, based on the searches already conducted in connection with this litigation, even if those employees would agree to allow their phones to be searched, the forensic cost to image and search personal cell phones of the Beacon Hill employees identified by Randstad in its discovery requests would be approximately $5,500.00 per device.

21.

There are 108 distinct business lines across the eight divisions, 17 of which are in the Beacon Hill Associates division, and each of which has its own profit and loss statements.

22.

There are 52 physical Beacon Hill office locations. The Admin Division only operates in 12 of the physical locations. Each of these locations also has its own profit and loss statements for each division within each office.

23.

The Admin Division employees work in their own unit, segregated from the other business units, but sharing common office space amenities like the kitchen, receptionist, conference and interview space.

24.

The separate Divisions send referral opportunities to each other. For example, the Legal Division would let the Admin Division know if a law firm was looking for a receptionist.

25.

There are currently 124 active employees in the Beacon Hill Admin Division.

26.

Due to Beacon Hill's organizational structure, I can only speak to the high-level structure of other divisions and I am unable to testify in great detail to the operation and management of divisions other than the Beacon Hill Admin Division.

27.

I do not have access to or knowledge of other divisions' hiring practices, employee work history information, or litigation history.

28.

In order to competently testify to each of the topics identified in Randstad's Revised Notice of Deposition of Beacon Hill as they relate to Beacon Hill as a whole, Beacon Hill would likely need to spend substantial time, at least many days, to be prepared to do so.  It would be very difficult for any employee at Beacon Hill to be able to competently testify, even after substantial preparations, on the breadth of topics listed in the Notice of Depositions send to Beacon Hill and attached as Exhibit

29.

Beacon Hill does not document or otherwise track the previous employment history of its hires.  There is no system or database with this information, and I have confirmed through the Human Resources department that no other division is

tracking this information. Beacon Hill only tracks employees' names, positions and dates of title change or termination.

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _23rd_ day of December, 2019.

_____

Charles J. Cain
Managing Director and EVP
Associates Division
Executive Committee Member
Beacon Hill Staffing Group LLC

# EXHIBIT J

12/23/2019

Case 1:19-cv-01655-ODE   Document 64-13   Filed 12/23/19   Page 2 of 8 GEORGIA
Case 3:20-cv-02814-N-BN   Document 44   Filed 12/02/20   Page 197 of 203   PageID 1302



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **Randstad Federal LLC** | Control Number: | **08075164** |
| Business Type: | **Domestic Limited Liability Company** | Business Status: | **Active/Compliance** |
| NAICS Code: | **Any legal purpose** | NAICS Sub Code: | |
| Principal Office Address: | **One Overton Park, 3625 Cumberland Boulevard, Suite 600, Atlanta, GA, 30339, USA** | Date of Formation / Registration Date: | **9/30/2008** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2019** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History          Name History

Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530,
Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: https://sos.ga.gov/
© 2015 PCC Technology Group. All Rights Reserved. Version 5.12.1          **Report a Problem?**

12/23/2019
Case 1:19-cv-01655-ODE  Document 64-15 Filed 12/23/19  Page 3 of 8
Case 3:20-cv-02814-N-BN  Document 44  Filed 12/02/20  Page 198 of 203  PageID 1303
GEORGIA



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **RANDSTAD GENERAL PARTNER (US) LLC** | Control Number: | **K904952** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** | Date of Formation / Registration Date: | **2/2/1999** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2019** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History      Name History

Return to Business Search



# GEORGIA
# CORPORATIONS
# DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **Randstad HR Solutions of Delaware, LLC** | Control Number: | **K906347** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** | Date of Formation / Registration Date: | **2/10/1999** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2019** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History     Name History

Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: https://sos.ga.gov/
© 2015 PCC Technology Group. All Rights Reserved. Version 5.12.1     **Report a Problem?**



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

## BRAD RAFFENSPERGER

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **RANDSTAD NORTH AMERICA, INC.** |
| Business Type: | **Foreign Profit Corporation** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** |
| Jurisdiction: | **Delaware** |
| Control Number: | **K840703** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **11/5/1998** |
| Last Annual Registration Year: | **2019** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| JAY FERGUSON | Secretary | 3625 CUMBERLAND BLVD, SUITE 600, ATLANTA, GA, 30339, USA |
| DENISE DETTINGMIEJER | CFO | 3625 CUMBERLAND BLVD, SUITE 600, ATLANTA, GA, 30339, USA |
| LINDA GALIPEAU | CEO | 3625 CUMBERLAND BLVD, ATLANTA, GA, 30339, USA |

Back

Filing History          Name History

Return to Business Search

12/23/2019

Case 1:19-cv-01655-ODE Document 64-15 GEORGIA Filed 12/23/19 Page 6 of 8
Case 3:20-cv-02814-N-BN Document 44 Filed 12/02/20 Page 201 of 203 PageID 1306



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

|  |  |  |  |
|---|---|---|---|
| Business Name: | **RANDSTAD PROFESSIONALS US, LLC** | Control Number: | **08075731** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** | Date of Formation / Registration Date: | **9/30/2008** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2019** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History    Name History

Return to Business Search



# GEORGIA
# CORPORATIONS
# DIVISION

GEORGIA SECRETARY OF STATE

## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **Randstad Technologies, LLC** | Control Number: | **08077051** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** | Date of Formation / Registration Date: | **9/30/2008** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2019** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History    Name History

Return to Business Search

12/23/2019 GEORGIA

Case 1:19-cv-01655-ODE   Document 64-11 Filed 12/23/19   Page 8 of 8
Case 3:20-cv-02814-N-BN   Document 44   Filed 12/02/20   Page 203 of 203   PageID 1308



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **Randstad US, LLC** |
| Business Type: | **Foreign Limited Liability Company** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **3625 Cumberland Blvd, Suite 600, Atlanta, GA, 30339, USA** |
| Jurisdiction: | **Delaware** |
| Principal Record Address: | **NONE** |
| Control Number: | **K908547** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **2/26/1999** |
| Last Annual Registration Year: | **2019** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CORPORATION SERVICE COMPANY** |
| Physical Address: | **40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History        Name History

Return to Business Search